LUCIEN P. WOOLDRIDGE, Appellant, v. SIDNEY QUINN, E. A. HOLCOMB, et al., Respondents.

1. *Replevin bond — Action on — Bond payable to sheriff — Remedy.*— A bond given by defendant in a replevin suit, conditioned for the delivery of the property to the sheriff instead of the plaintiff, does not conform to the statute (Wagn. Stat. 1024, § 4), and hence does not authorize a summary judgment under the statute. (Wagn. Stat. 1028, § 14.)

In such a case a motion to set aside the judgment or quash the execution, or both, is the proper course, and the party should not be driven to his writ of error.

*Appeal from Chariton Circuit Court.*

*Chas. A. Winslow,* for appellant.

I. There can be no doubt but that this bond was taken under the statute. While it is not, strictly speaking, in every respect just such a bond as the statute contemplates, it is in substantial compliance with its requirements, and must be presumed to have been executed with reference to the statute, and must be interpreted by the light thereof. (Heyneman v. Eder, 17 Cal. 433.)

In determining the effect of the words used in the condition of the bond, the intention of the parties ought to override any mere technical objection to the form of the expression; and if the language is uncertain, the surrounding circumstances and the object sought to be accomplished ought to control the interpretation. (Gathwright v. Callaway County, 10 Mo. 663; Hendee v. Taylor, 29 Conn. 448, 454.)

II. Although it may not contain all the conditions of the statute, it is not for that reason absolutely void as a statutory bond. It has been expressly determined in this State that bonds executed under statutes, which omit a part of the conditions specified in the statute, are nevertheless valid as to the conditions they do contain. (Grant & Finney v. Brotherton's Adm'r, 7 Mo. 230; State v. Berry, 12 Mo. 244; Wood et al. v. State, 10 Mo. 433.)

III. There is no similarity between this case and those upon which the respondent relies. Here the bond is clearly within the statute, while those referred to by respondent are a class of cases which decide that bonds not executed in conformity to the statute cannot be enforced as statutory bonds; and an examination of those cases will show a wide departure from the statute, as in Waterman & Ryan v. Frank et al., 21 Mo. 108, where the bond was executed by the wrong parties and to the wrong party.

IV. The bond may be erroneous, which is the most that can be said against it; and admitting this to be the true state of the case, the motion to quash the execution was improperly sustained. The universal rule is that the judgment of a court of competent jurisdiction, both as to the subject-matter of the action and the person of the defendant, is conclusive until reversed for error or set aside for irregularity, and cannot be called into question in any collateral proceeding whatever. (McNair et al. v. Biddle et al., 8 Mo. 257; Fithian v. Monks et al., 43 Mo. 502; Martin v. Barron, 37 Mo. 31.)

*A. S. Harris*, for respondents.

The statute (Wagn. Stat. 1024, § 4) does not authorize the bond sued on. It is payable to the sheriff, not the plaintiff. (Waterman v. Frank, 21 Mo. 109–10; Selmes v. Smith, *id.* 527.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff instituted a suit against defendant Quinn for the delivery of personal property, and Quinn, with the other defendants, executed a bond claimed to have been given under section 4 of the act (Wagn. Stat. 1024), and retained the property.

The plaintiff obtained judgment, the damages were assessed, and judgment rendered against the obligors in the bond for the damages so assessed and costs, according to the provisions of section 14. (Wagn. Stat. 1026.) Execution was issued and levied on the real estate of E. A. Holcomb, one of said obligors. Holcomb thereupon filed a motion to quash the execution, which was sustained, and the plaintiff appeals.

The motion was based upon the ground that the bond did not conform to the statute, chiefly in this: that it was conditioned for the delivery of the property to the sheriff instead of to the plaintiff, as required by section 4; hence no summary judgment could be rendered upon it. This is not a statutory bond, and from its want of conformity to the statute, in other things more glaringly even than in the particular named in the motion, was not designed to be such. (Waterman v. Frank, 21 Mo. 109; Selmes v. Smith, id. 527.) The plaintiff had furnished his bond, and the one upon which judgment was attempted to be rendered may be a good indemnity to the sheriff for failing to deliver the property to the plaintiff as was his duty, or may furnish a ground of action to the plaintiff, but it does not furnish one upon which the statute authorizes a summary judgment.

Nothing is better settled than that in these summary proceedings against parties not served with process, the statute must be strictly pursued; and they cannot be had against those who have not submitted themselves to the operation of the statute. These bondsmen never agreed to deliver the property to the plaintiff, nor did they authorize a summary judgment to be entered against them, hence it has no more force than though rendered against a stranger without process. A motion to set aside the judgment or quash the execution, or both, is the proper remedy, where a matter is within the control of the trial court; it is better, in

general, to correct or vacate proceedings than to compel a resort to a writ of error. It cannot always be done, but there is no difficulty in an unauthorized judgment like the one under consideration. (Downing v. Stille, 45 Mo. 309.) ·

The judgment is affirmed. Judge Wagner concurs. Judge Adams absent.