RILEY and wife vs. RILEY and wife.

PLEADING: COMPLAINT. (1) *When judgment reversed because complaint does not state cause of action.* (2) *General charge of fraud insufficient, without facts.* (3) *Case stated; complaint fails to state cause of action.*

1. Where the complaint does not state facts constituting a cause of action, and the defendant objects on that ground to the admission of any evidence, a judgment for the plaintiff will be reversed. *Bowman v. Van Kuren,* 29 Wis., 209, and earlier cases in this court.

2. A general charge that a party acted "fraudulently," or made "fraudulent representations," is not sufficient, without a statement of *facts* to sustain it. *Supervisors v. Decker,* 30 Wis., 624.

3. In an action to have a written instrument adjudged void, the complaint alleges that, on etc., plaintiffs were owners of certain described real property; that, " plaintiffs being then old and infirm, and therefore incapacitated from attending properly to business, defendant M. R., on that day, fraudulently taking advantage of plaintiffs' incapacity, procured them to sign said written instrument without any consideration, falsely and fraudulently representing the same to be a mere form, or a will and testament;" that " plaintiffs afterwards applied to defendants for the writing, or information of its contents, but that defendants refused to allow them to see it or to give them such information; and that plaintiffs are informed and believe that said writing is a warranty deed of said premises, or of some interest therein, to said M. R., and that he intends to use the same for his own benefit to the injury of plaintiffs." *Held,* that by reason of the omission of all statements of *facts* showing the existence and nature of plaintiffs' incapacity to transact the business of executing the instrument in question, or showing the character and circumstances of the alleged fraud, the complaint fails to state facts constituting a cause of action.

APPEAL from the Circuit Court for *Sheboygan* County.

Action to set aside and cancel a conveyance of certain real estate on account of the age and incapacity of plaintiffs at the time of executing it, and alleged fraud on the part of defendant in procuring it to be executed. The complaint is set forth in the opinion. The answer admitted plaintiffs' ownership of the premises as alleged; that plaintiffs executed the conveyance

in question, which was a warranty deed to the defendant *Matthew Riley*, and that he intended to use it for his own benefit. All other allegations of the complaint were denied. At the trial, an objection by defendants to the admission of any evidence under the complaint was overruled. The court then heard evidence on both sides, and found as a fact that all the matters stated in the complaint were admitted or proven. Judgment for plaintiffs, that the deed was void, and that defendants should make a proper deed of release to the plaintiffs, and for costs of the action; from which judgment defendants appealed.

*Foster*, *Coe & Hedding*, for appellants, contended that the complaint showed no cause of action. It was probably intended to allege fraud, but did not. Fraud is a conclusion of law drawn from facts. Story's Eq. Pl., § 251 a. "In order to constitute a fraud, there must be a representation false within the knowledge of the party making it, reasonably relied upon by the other party, and constituting a material inducement to his act." Adams' Eq., p. 176. And some wrong must be worked thereby. 12 Wis., 81; 13 id., 535. Fraud is never presumed, but must be clearly proven. Kerr on Fraud and Mistake, 382 and cases cited. What weakness of intellect will avoid a deed, may be gathered from the opinion in *Van Deusen v. Sweet*, 51 N. Y., 381. But weakness of intellect of grantor, without fraud in the grantee, will not avoid a conveyance. *Anthony v. Hutchins.* 10 R. I.

*L. J. Merrick*, *contra*, argued that the complaint stated a cause of action in that it charged that plaintiffs were old and infirm, and therefore incapable of transacting business, and that *Matthew Riley*, taking advantage of their incapacity, procured them to sign the deed, without consideration, falsely and fraudulently representing it to be a matter of form, or will and testament. Under this charge undue influence may be proved. 12 Barb., 443; 3 Cow., 537.

DIXON, C. J. This is a case of a kind which rarely finds its

way into this court, and is a proper one for the application of the rule that *where the complaint states no facts constituting a cause of action, and the defendant objected to the receiving of any evidence under it on that ground,* the judgment, if for the plaintiff, will on appeal be reversed by this court. Such is the rule recognized in *Bowman v. Van Kuren,* 29 Wis., 209, 215, and settled by the decisions of this court in *Smith v. Whitney,* 22 Wis., 438, and *Smith v. Weage,* 21 id., 440. See also note in 5 Wis., new edition, Appendix, p. 629, and cases there cited. Such is the complaint in this case, and such the objection which was taken in the court below.

The complaint, and all the allegations of fact in it, are substantially set forth in the printed case, as follows : " The complaint shows that on the 31st of March, 1870, the plaintiffs were owners of the northeast quarter of the northeast quarter of section 32, and the southwest quarter of the southeast quarter of section 29, in the town of Sherman, Sheboygan county ; that the plaintiffs being then old and infirm, and therefore incapacitated from attending properly to business, the defendant *Matthew Riley,* on that day, fraudulently taking advantage of plaintiffs' incapacity, procured them to sign a certain writing, without any consideration, falsely and fraudulently representing said writing to be a mere matter of form, or will and testament ; that the plaintiffs, on the 3d of November, 1870, applied to the defendants for the writing, or information of its contents ; that the defendants refused to allow them to see the writing, or give them information of its contents ; that the plaintiffs are informed and believe that said writing is a warranty deed of said premises, or some interest therein, to the defendant *Matthew Riley,* and that he intends to use the same for his own benefit to the prejudice of the plaintiffs."

" It asks judgment that the same is void, and that it be cancelled, or for a reconveyance."

It is impossible that a complaint of this kind should escape the severest condemnation and censure. The *gravamen* of the

action is the fraud which was practiced by the defendant upon the plaintiffs, in the procurement of the conveyance; and yet the complaint contains almost no statements of fact at all going to show in what the fraud consisted, or how or by what means it was perpetrated. It is true, it indirectly alleges that the plaintiffs were old and infirm, and therefore incapacitated from attending properly to business; but why "therefore incapacitated from attending properly to business?" It is not every old person, or every person who is feeble or infirm on account of age or otherwise, that is thereby incapacitated from attending to business, or from properly entering into or conducting transactions of the kind mentioned in the complaint. The infirmities and feebleness of age are frequently such as not seriously to interfere with such negotiations, or to render the parties incapable of entering into them. To say, therefore, of a person that he is old, infirm or feeble, is not to say that he is incapacitated from properly attending to business; for he may be all these and yet be quite capable of doing business. To allege age and infirmity is not, therefore, to allege incapacity, and the conclusion of incapacity does not necessarily or logically follow. Besides, the pleading does not inform us whether it is bodily or mental infirmity which was intended. These may co-exist, or one may exist without the other. It is mental infirmity, or weakness and incapacity of mind, which will avoid the conveyance; and if that was the kind intended, the pleader should have so distinctly alleged. And there should have been alleged, in addition, the facts showing the mental condition of the plaintiffs, and not a mere general allegation of mental weakness and imbecility. Their ages should have been given, and the infirmities under which they labored pointed out by appropriate averments. The facts of age and feebleness of mind, or of both mind and body, together with any other circumstances illustrating the condition of the plaintiff, as illiteracy, want of bussiness experience, or the like, should have been stated, so that,

upon a demurrer admitting the facts alleged, the court could have pronounced the incapacity.

And it is also true that the complaint charges, in a most vague 'and indefinite way, that the defendant, " fraudulently taking advantage of the plaintiffs' incapacity, procured them to sign a certain writing without any consideration, falsely and fraudulently representing said writing to be a mere matter of form, or will and testament." It requires no comment to show the lack of precision and point in this averment — none to show the absence of all the facts and circumstances by means of which the fraud was accomplished or the false representation made successful. · It is not averred how the representation was made, whether by a. false reading of the document or other concealment of its contents, or the not reading it all, or whether it was in some other way or by some other means that the deception was effected. The pleader might almost as well charge no false representation, and then attempt to come in with evidence to prove it, as to charge it in this way and seek to introduce his proofs. The difficulties and embarrassments of the defendant in endeavoring to prepare for and to resist the charge, must be about the same in either case. As observed at the commencement of this opinion, it is seldom that a pleading so defective and wanting in the proper and necessary aver-. ments of fact, reaches this court. The statements are too bald and meagre to be supported under any circumstances or by the most liberal rule of construction, even that which prevails on objection to any evidence being received at the trial, where the greatest latitude of· indulgence in favor of the pleading is allowed.

And the allegation of the falsity of the representation, or that it was " falsely and fraudulently " represented, and that the defendant " fraudulently " took advantage of the plaintiffs' incapacity, are of themselves of no effect as averments of fact going to show a cause of action. They are statements or words

which may be properly enough used to adorn the pleadings and to give direction and emphasis to the intention of the pleader in actions of this nature, when the facts constituting the fraud or showing the manner of its perpetration are also distinctly averred. In *Supervisors of Kewaunee County v. Decker*, 30 Wis., 634, this court, following the lead of an earlier decision, and announcing what it has always understood to be the law, said: " A general charge that a party acted fraudulently, falsely or wrongfully, or that he made fraudulent representations or statements, amounts to nothing; there must be a specification of facts to justify it. It is at most but a mere inferential statement, too vague and uncertain to apprise the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it, or to inform the court whose duty it is to declare the law arising upon the facts."

We are satisfied, therefore, that such inattention and laxity in pleading as are exhibited in this case ought not under any circumstances to be tolerated where objection is in any manner seasonably taken, and that the court below should have sustained the objection to the admission of any evidence under the complaint, until, by leave of the court or otherwise, the same was put in shape to make the evidence receivable according to the rules of pleading governing in such cases.

For this error the judgment of the court below must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — So ordered.