Donkle, Appellant, vs. Milem, Respondent.

*May 1 — May 25, 1894.*

(1-3) *Appeal: Review of interlocutory orders: Judgment on the pleadings:
Exceptions.* (4) *Promissory notes: Suretyship: Extension of time:
Estoppel: Alteration.*

1. On appeal from a judgment the supreme court cannot review inter-
   locutory orders which do not involve the merits and necessarily
   affect the judgment, unless they are excepted to and, with the
   papers on which they are founded, embraced in a bill of exceptions.
2. An order opening a judgment by default and allowing the defend-
   ant to serve an answer does not involve the merits and necessarily
   affect a subsequent judgment in favor of the defendant on the
   pleadings.

3. Where judgment is rendered in favor of the defendant on the pleadings, no exception is necessary to entitle the plaintiff to a review of the decision on appeal.

4. At the maturity of a note the maker asked for an extension of time, offering to have his wife sign the note. The payee agreed to grant an extension if a surety on the note would consent. The maker represented that he had seen the surety and knew he would consent, and thereupon the wife signed the note; but the surety, when applied to, refused his consent to the extension. Afterwards the payee caused judgment to be entered on the note against the maker and his wife and the surety. *Held*, that by so doing he was estopped to assert that there was no extension or that there was no consideration for such extension because the note was not valid as against the maker's wife; and that the surety was discharged from liability. [Whether the mere addition of the signature of the maker's wife, without the consent of the surety, was such an alteration of the note as to defeat any remedy on it against the latter, not determined.]

APPEAL from the Circuit Court for *Dane* County.

The appellant entered judgment by confession in the circuit court for Dane county, on an ordinary judgment note, joint and several in form, against Arthur B. White, Susan G. White, and the respondent, *Matthew Milem*. *Milem* applied by motion to the court for an order opening the judgment as against him, and to be allowed to answer, founded on the affidavits of all of the defendants and a proposed answer, duly verified, denying the execution of the note described in the plaintiff's complaint, but admitting that he did sign a note for the same amount with the defendant Arthur B. White, and as his surety; that the plaintiff knew that he signed it only as surety or accommodation maker with said White, and that the latter received the whole of the consideration thereof. It alleged an extension of the time of payment of said note for one year, for a good and sufficient consideration, by agreement between the defendant Arthur B. White and the plaintiff, but that he (*Milem*) had no notice thereof and never consented thereto. The answer further alleged that, after the

note was signed by *Milem* and delivered to the plaintiff, it was materially altered and changed by the act or procurement of the plaintiff, without his consent thereto; that, without his knowledge or consent, the plaintiff procured the defendant Susan G. White to sign the said note as a maker. The court allowed the proposed answer to the complaint, and directed the judgment to stand as security, and stayed proceedings until the determination of the issue, but no appeal was taken from this order.

The plaintiff, for an amended complaint and by way of reply to the answer served by the defendants, set up, in substance, the execution and delivery of the note and warrant of attorney by the defendant Arthur B. White for a loan to him of $200, and by the defendant *Milem* to secure it, and that the money was lent upon the faith and credit of *Milem*. Upon the maturity of the note, White requested an extension of time for one year, offering the signature of his wife, Susan G. White, to the note, if it should be granted, and that the plaintiff informed him that he would grant such extension provided *Milem* would consent thereto, and not otherwise. Upon the representation of White that he had seen *Milem* and knew he would consent to the extension, he had his wife, Susan G., sign her name to said note, below the names of the original makers. The plaintiff refused to grant any extension until he had seen *Milem*. *Milem* refused to consent to the extension. The plaintiff informed the signers, in the presence of *Milem*, that he would not consent to the extension; and, White and *Milem* having neglected and refused to pay the note, judgment was entered thereon as before stated. It alleged the insolvency of White, and that the only security for said debt and judgment was that afforded by the signature of *Milem*, upon which, and not otherwise, plaintiff consented to make the loan, and alleged that he had in no way granted any extension of time for the payment of the note, and closed

with a demand for judgment for the amount and costs, asking that said judgment as against Susan G. White be vacated.

The case coming on for trial, the defendant *Milem*, as appears from the judgment, objected to the admission of any testimony under the amended complaint, and the court ordered judgment thereon against the plaintiff and for the defendant *Milem* for his costs, which was entered accordingly, and adjudging that the judgment theretofore entered be vacated and set aside as to him. The plaintiff appealed. ·

For the appellant there was a brief by *G. S. Martin*, attorney, and *Richmond & Smith*, of counsel, and oral argument by *J. B. Smith* and *G. S. Martin*. They contended, *inter alia*, that the signature of the note by Mrs. White, under the circumstances, made her merely a guarantor. It was a new and independent contract which in no way disturbed the relation of the original parties and did not constitute an alteration of the note. · *McCaughey v. Smith*, 27 N. Y. 39; *Brownell v. Winnie*, 29 id. 400; *Mersman v. Werges*, 112 U. S. 142; *Stone v. White*, 8 Gray, 589; *Tenney v. Prince*, 4 Pick. 385; *Warner v. Price*, 3 Wend. 397; *Harris v. Warner*, 13 id. 400; Dan. Neg. Inst. secs. 1311, 1313, 1389; *U. S. v. Hodge*, 6 How. 279, 283; *Krouskop v. Shontz*, 51 Wis. 204; *Gorden v. Robertson*, 48 id. 493; *Fuller v. Green*, 64 id. 159.

For the respondent there was a brief by *Smith & Buell*, and oral argument by *Rufus B. Smith*. They argued, among other things, that the addition of another name after the execution of the note is a material alteration and discharges those who have already signed it. Randolph, Com. Paper, sec. 1744; *Nicholson v. Combs*, 90 Ind. 515; *Singleton v. McQuerry*, 85 Ky. 41; 2 Parsons, Notes & Bills, 559; *Hamilton v. Hooper*, 46 Iowa, 515; *Dickerman v. Miner*, 43 id. 508; *Sullivan v. Rudisill*, 63 id. 158; *Bank*

*of Limestone v. Penick,* 5 Mon. 25; *Harper v. Stroud,* 41
Tex. 367; *Lunt v. Silver,* 5 Mo. App. 186; *McVean v.
Scott,* 46 Barb. 379; *Chappell v. Spencer,* 23 id. 584; *Owens
v. Tague,* 3 Ind. App. 245; 2 Brandt, Suretyship, sec. 388.

PINNEY, J.  1. The order opening the judgment as to
the defendant *Milem* and allowing him to serve an answer
and defend was an order "upon a summary application in
an action after judgment," and was appealable.  R. S.
sec. 3069, subd. 2.  But the plaintiff did not appeal from
this order, and his right to do so did not survive the judg-
ment thereafter rendered in favor of the defendant *Milem.*
*American B. H., O. & S. M. Co. v. Gurnee,* 38 Wis. 533.
There is no bill of exceptions making the ruling of the court
on the motion to open the judgment and allow the pro-
posed defense a part of the record, and there is nothing
whatever to show that the plaintiff excepted to this order.
It has uniformly been held in numerous cases for a period
of more than thirty years, that, on an appeal from a judg-
ment, this court cannot review interlocutory orders which
do not involve the merits and necessarily affect the judg-
ment, unless they are excepted to and, with the papers on
which they are founded, embraced in a bill of exceptions.
*Cornell v. Davis,* 16 Wis. 686; *Williams v. Holmes,* 7 Wis.
168, and cases cited in note.

2. It is claimed that the order in question is reviewable
on appeal from the judgment in favor of *Milem,* under
sec. 2, ch. 242, Laws of 1893, similar in its provisions to
R. S. sec. 3070, which provides that, "upon an appeal from
a judgment, as well as upon a writ of error, the supreme
court shall review any intermediate order or determination
of the court below which involves the merits and neces-
sarily affects the judgment, appearing upon the record
transmitted or returned from the circuit court, whether the
same were excepted to or not; nor shall it be necessary in

any case to take any exception or settle any bill of exceptions to enable the supreme court to review any alleged error which would, without a bill of exceptions, appear upon the face of the record." Mere interlocutory motions and orders, not involving the merits and necessarily affecting the judgment appealed from, are no part of the record or judgment roll for the purposes of an appeal from the judgment, unless made so by a bill of exceptions. *Cord v. Southwell*, 15 Wis. 211; *Geisinger v. Beyl*, 71 Wis. 361; *Kelley v. C., M. & St. P. R. Co.* 53 Wis. 76; *Edleman v. Kidd*, 65 Wis. 18. It is plain, therefore, that unless the order can be said to be one *involving the merits and necessarily affecting the judgment* appealed from, the plaintiff has lost all right to have it reviewed in this court. The judgment appealed from is not affected in any way or manner by this order. It was rendered, as already stated, upon an objection and determination that, under the facts stated and conceded by the pleadings, the plaintiff had no cause of action against the defendant *Milem*. The order did not therefore, in any proper sense, involve the merits of the controversy. It cannot be a matter of legal concern how the pleadings found in the record came there, if, upon their face, they show that the plaintiff had no right of action against the defendant; and the order, under these circumstances, has no relation to the merits, and cannot be said to affect the judgment, for that stands and depends solely upon the pleadings, and wholly independent of the order. The objection to the reception of any evidence was, in effect, a demurrer *ore tenus* to the so-called amended complaint by way of reply to the defendant's answer, and was a demand for a judgment on the pleadings, which the court gave accordingly.

For these reasons the assignment of error based on the order in question must fail.

3. It was not necessary that there should have been any

exception taken to the decision of the court rendering judgment on the pleadings in favor of the defendant, to entitle the plaintiff to a review of that question in this court. The question whether the pleadings support and warrant the judgment is one arising upon the record proper, and may be tested by writ of error or appeal from the judgment. *Edleman v. Kidd,* 65 Wis. 18; *Riley v. Riley,* 34 Wis. 372; *Bowman v. Van Kuren,* 29 Wis. 209. The objection taken to the pleadings, and the action of the court thereon, clearly appear upon the face of the judgment. Where there is no exception to the finding of the court, upon appeal the judgment will be reversed if it is not sustained by the pleadings and finding. *Cramer v. Hanaford,* 53 Wis. 85, 87. The pleadings in this case, upon which alone the judgment was rendered, sustain the same relation to the judgment as a finding after trial; and whether the judgment here appealed from was warranted must be tested by the pleadings and matters legally of record in the action.

4. Upon the facts stated in the amended complaint it is clear that the plaintiff made the loan to White, and *Milem* signed the note with him to secure its payment. He was surety for White, and the plaintiff knew it, for it is alleged that he refused to make a desired extension of time of payment when the note was about to become due, if Mrs. White would sign the same, unless the defendant *Milem* consented to it. White represented that he had seen *Milem* and that he would consent. Mrs. White signed the note, and *Milem,* when afterwards applied to, refused his consent. A few days thereafter the plaintiff entered the judgment in question against White, *Milem,* and Mrs. White. This judgment was in full force at the time of the trial, certainly as between the plaintiff and White and his wife, and as to *Milem* as well, for it stood under the order of the court as to him as security. It was conclusive evidence that the note was a valid and binding obligation as between the plaintiff and

Mrs. White, and in his favor, notwithstanding the objections urged to its validity as to her by the plaintiff's counsel, that she was a married woman and that it was invalid by reason of the operation of the statute of frauds. The plaintiff was precluded and estopped from asserting its invalidity, or that there was a want of consideration as between the plaintiff and White for the alleged extension of the time of payment of the note. The plaintiff, after he knew that *Milem* had refused his consent to the arrangement, elected to enter judgment against all the parties who had signed the note, Mrs. White as well. He could not be heard to say thereafter that there was no extension of time of payment and no consideration for the note. If *Milem* had afterwards, as surety, paid the debt and so acquired the right to proceed against White as his principal, he would have been precluded by means of this arrangement of the right to proceed against White immediately for his reimbursement, and his legal rights in this respect would have been suspended during the period of the extension. This was such an interference with *Milem's* rights as surety as discharged him from liability to the plaintiff. The judgment was, we think, conclusive evidence that the original contract had been altered so as to change the legal effect of it as between the original parties to it. The liability of a surety is one *strictissimi juris*. He has a right to stand upon the exact words of his contract, and to insist that it shall remain intact and without any alteration which may possibly in any way affect or impair his rights or embarrass him in the assertion of them. 2 Brandt, Suretyship, sec. 388; *Drinkwine v. Eau Claire*, 83 Wis. 430; *State v. McFetridge*, 84 Wis. 500. Any change in the personality, number, or relations of the parties to an instrument is, as a general rule, a material alteration. 1 Am. & Eng. Ency. of Law, 506, and cases cited by counsel for respondent. It is not, however, necessary to decide whether the mere ad-

dition of the name of Mrs. White to the note, without the consent of *Milem,* was such an alteration of the contract as to defeat any remedy on it against *Milem,*— a question much discussed at the argument, and upon which there is a considerable conflict of opinion.

Upon the facts conceded in the amended complaint, and established as well by the judgment, we must hold that the judgment in favor of *Milem,* appealed from, is correct and must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.