Baxter vs. Berg.

---

BAXTER, Appellant, vs. BERG, Respondent.

*October 2 — October 23, 1894.*

(1) *Appeal: Bill of exceptions.* (2) *Replevin: Form of judgment for defendant.*

1. On appeal from the judgment in a case tried by a jury, if there is no bill of exceptions containing all the evidence, the only question which can be considered is whether the pleadings support the verdict and judgment.

2. In replevin the answer was a general denial. The property was taken by the writ, but remained in the hands of the officer. The verdict found its value, that it was unjustly taken by plaintiff and that defendant was entitled to a return thereof, and that defendant was damaged in a certain sum by reason of the taking and detention. *Held*, that the judgment should have been in the alternative, under sec. 2888, R. S., for a return of the property, or for its value in case a return could not be had, with damages.

APPEAL from the Superior Court of *Douglas* County.

Replevin, commenced in justice's court. The complaint alleges that the plaintiff is lawfully entitled to the possession of the property, and that the same has been and is unjustly detained by the defendant. The answer is merely a general denial. The plaintiff recovered judgment, and defendant appealed therefrom to the superior court. The property was taken by the officer at the commencement of the action, but upon the appeal neither party gave any undertaking to obtain delivery or return thereof, and it seems to have remained in the possession of the officer. In the superior court there was a judgment for the defendant, from which the plaintiff appeals. The form of the verdict and judgment appear from the opinion.

The cause was submitted for the appellant on the brief of *H. W. Dietrich*, and for the respondent on that of *Thorson & Crawford*.

For the appellant it was argued, among other things, that as the plaintiff did not acquire possession of the property under the statute, the judgment should have been simply for the return of the property, with costs and damages. S. & B. Ann. Stats. sec. 2888.

For the respondent it was contended, *inter alia*, that as the answer was a general denial and did not claim return of the property, the defendant might waive return and take judgment for the value. The case does not come within the provisions of sec. 2888, S. & B. Ann. Stats., because the property was not delivered to the plaintiff but remained in the hands of the officer, and because the defendant did not claim a return. Judgment must be rendered, therefore, in accordance with the provisions prior to the enactment of that section. *Farmers' L. & T. Co. v. Comm. Bank*, 15 Wis. 441–2; *Pratt v. Donovan*, 10 id. 385; *Klœty v. Delles*, 45 id. 490. Under Terr. Stats. of 1839, p. 275, sec. 32, and R. S. 1849, ch. 119, sec. 33, the judgment was properly entered for the value.

ORTON, C. J. This is an action in replevin for one large refrigerator. The property was taken by the writ. The verdict of the jury is "that the value of the property in controversy is the sum of $145; that the same was unjustly taken by the plaintiff, and that the defendant is entitled to a return thereof; and that the defendant has been damaged by reason of the taking and detention in the sum of one dollar." The court rendered a personal judgment in favor of the defendant of $145 as the value of the property, and $1 damages, together with costs and disbursements.

There appears to be no bill of exceptions in this case signed by the judge, and there is no stipulation that the document stipulated to stand as the bill of exceptions contains all the evidence in the case. We can therefore consider only the question whether the pleadings support the verdict and judgment. *Edleman v. Kidd*, 65 Wis. 18; *Strong v. Stevens Point*, 62 Wis. 255. The only error apparent on the record seems to be the form of the judgment. The judgment should have been for a return of the property, and for its value and damages in case a return thereof cannot be had. S. & B. Ann. Stats. sec. 2888. The property was taken by the writ, and must be disposed of by the judgment. The judgment should have been in the alternative, as above.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded with directions to render the proper judgment for the defendant.