Mandelert vs. The Superior Consolidated Land Co. and others.

MANDELERT, Respondent, vs. THE SUPERIOR CONSOLIDATED LAND COMPANY and others, imp., Appellants.

*October 20 — November 7, 1899.*

*Appealable order: Demurrer ore tenus.*

A demurrer *ore tenus* is not a demurrer within the meaning of subd. 3, sec. 3069, Stats. 1898, which authorizes an appeal from an order which "sustains or overrules a demurrer;" and an appeal cannot be taken from a ruling sustaining a demurrer *ore tenus*, even though such ruling be embodied in a written order.

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Appeal dismissed.*

For the appellants there was a brief by *A. L. Sanborn*, attorney, and *Catlin, Butler & Lyons*, of counsel, and oral argument by *L. K. Luse* and *F. C. Ellis*.

For the respondent there was a brief by *Thorson & De La Motte*, and oral argument by *J. De La Motte*.

CASSODAY, C. J.   It appears from the record; in effect, that
March 12, 1897, the state and Douglas county executed and
delivered to one John Powell, assignee of R. D. Carvill, who
was the assignee of Douglas county, a tax deed, issued upon
the sale of 1893 in the required form, of the lands described,
and the same was on that day recorded; that October 9,
1897, John Powell, the grantee in such tax deed, duly con-
veyed such lands to the plaintiff by deed duly executed and
recorded; that subsequently, and in July, 1898, the plaintiff
commenced this action under .secs. 1197–1210, Stats. 1898,
to bar the original owners of such lands and those claiming
under them; that September 15, 1898, the defendant corpo-
ration and its receivers answered; that thereafter the cause
came on for trial, and after the plaintiff had proved the
matters and things alleged in his complaint and rested, the
defendants who so answered offered to prove the allegations
of their answer to the effect that Douglas county never as-
signed nor parted with the title to the tax certificates upon
which the tax deed was issued,— being the sale for nonpay-
ment of taxes for 1893, and that ever since such sale the county
had been, and still was, the owner of such tax certificates.
To the offer of such evidence by the appellants the plaintiff
objected "for the reason that no deposit, as required by sec-
tion 1200 of the Revised Statutes of Wisconsin, had been
made, and that the answer did not state facts sufficient to
constitute a defense," which objection was sustained by the
court, and a written order embodying such ruling to the
effect "that the demurrer *ore tenus* of the plaintiff to the an-
swer of the defendant" was sustained, with leave to answer
on payment of costs.   From that order the defendant corpo-
ration and its receivers bring this appeal.

We refrain from determining the question presented upon
the merits.   It is not brought before us for review by the
so-called "appeal" from the ruling of the court in sustaining
the objection to the evidence offered on the part of the ap-

pellants. True, such ruling was embodied in a written order as indicated, but the same might be done as to every ruling upon a trial. The question is whether an appeal can be taken to this court from such ruling when embodied in such written order. The statutes contemplate that all pleadings shall be in writing. Whether a demurrer is made to a complaint or an answer, it must be served within twenty days after the service of the pleading to which it is responsive. Secs. 2648, 2658, Stats. 1898. Such demurrer, to be effectual, must state the grounds upon which it is based. Secs. 2649, 2658, 2659, Stats. 1898. Such ruling upon an objection to evidence, although for convenience it is called a demurrer *ore tenus*, is not a demurrer within the meaning of the statutes; certainly not within the meaning of subd. 3, sec. 3069, Stats. 1898, which authorizes an appeal from an order which "sustains or overrules a demurrer." *Smith v. Kibling*, 97 Wis. 207, 208. In that case our late Brother NEWMAN in effect said that no appeal is allowed from such a ruling, and that the only way such ruling could be reviewed by this court was on an appeal from the judgment. Manifestly, the order is not appealable under any subdivision of sec. 3069, Stats. 1898.

*By the Court.*— The appeal is dismissed.