Dow and others vs. Deissner.

---

Dow and others, Appellants, vs. Deissner, imp., Respondent.

*November 17, 1899 — February 2, 1900.*

*Pleading: Demurrer* ore tenus: *Appeal: Bill of exceptions: Conversion.*

1. The determination on a demurrer *ore tenus*, when entered in the form of a judgment dismissing the complaint, is reviewable on appeal without an exception or a bill of exceptions. *Mandelert v. Superior C. L. Co.* 104 Wis. 423, distinguished.

Vol. 105 — 25

2. A complaint alleging that defendants, who were liable upon a note·
as maker and indorser, respectively, the former being insolvent,
entered into an arrangement whereby said insolvent maker was to
purchase goods from plaintiffs on credit, and turn them over to the
indorser, who was to sell them to an innocent purchaser and use so
much of the proceeds as might be necessary to take up said note,
and pay the balance to the insolvent maker, who was thereupon to·
make a voluntary assignment for the benefit of creditors; that
defendants successfully carried out such arrangement; and that
plaintiffs, becoming aware of the fraud, elected to rescind the sale
for such fraud and sue the defendants ·for the value of the prop-
erty so converted, states a good cause of action.

APPEAL from a judgment of the circuit court for Wauke-·
sha county: JAMES J. DICK, Circuit Judge. *Reversed.*

The cause was submitted for the appellants on the brief
of *Olin & Butler*, and for the respondent on that of *Ryan
& Merton.*

The following opinion was filed November 24, 1899:

CASSODAY, C. J.    This is an action to recover the value of
a car load of flour obtained by the defendants, Dwinnell and.
*Deissner*, by falsely and fraudulently colluding to defraud
the plaintiffs, and by making false representations to the·
plaintiffs, and upon which they relied.    The defendants ap-
pear to have separately answered.    There is no bill of excep-
tions.    The appeal is from the judgment, which recites that
the complaint was dismissed on demurrer *ore tenus*, interposed
by the defendant *Deissner*.    We have just held that the sus-
taining of a demurrer *ore tenus* is nothing more than a ruling
of the court in sustaining an objection to evidence offered by·
the appellants upon the trial.    *Mandelert v. Superior C. L. Co.*.
104 Wis. 423.    To review such ruling, there must be an excep-
tion to the same embodied in the record.    *Williams v. Holmes*,
7 Wis. 168; *Tubbs v. Doll*, 15 Wis. 640; *Cornell v. Davis*, 16·
Wis. 686; *Keller v. Gilman*, 96 Wis. 445.    It is not "an in-
termediate order or determination of the court below,"

Dow and others vs. Deissner.

within the meaning of sec. 3070, Stats. 1898. We are not at liberty to depart from the rule of practice thus established.

*By the Court.*— The judgment of the circuit court is affirmed.

The appellants moved for a rehearing, and the following opinion was filed February 2, 1900:

CASSODAY, C. J. We cheerfully embrace the opportunity afforded by the motion for a rehearing to correct the error made in the decision of this case. Our only excuse for such decision is that we had, a short time before, pretty fully considered, in consultation, the effect of a ruling upon demurrer *ore tenus* in the case therein cited (*Mandelert v. Superior C. L. Co.* 104 Wis. 423); and, besides, the authorities now presented were not called to our attention, and we failed to find them,— especially the late case of *Donkle v. Milem*, 88 Wis. 33. In that case it was held that, "where judgment is rendered in favor of the defendant on the pleadings, no exception is necessary to entitle the plaintiff to a review of the decision on appeal." In writing the opinion in that case, the late Mr. Justice PINNEY, speaking for the court, said: "It was not necessary that there should have been any exception taken to the decision of the court rendering judgment on the pleadings in favor of the defendant, to entitle the plaintiff to a review of that question in this court. The question whether the pleadings support and warrant the judgment is one arising upon the record proper, and may be tested by writ of error or appeal from the judgment. *Edleman v. Kidd*, 65 Wis. 18; *Riley v. Riley*, 34 Wis. 372; *Bowman v. Van Kuren*, 29 Wis. 209. The objection taken to the pleadings, and the action of the court thereon, clearly appear upon the face of the judgment." 88 Wis. 38, 39. In addition to the cases he there cites, see, also, *Baxter v. Berg*, 88

Wis. 399; *Wille v. Bartz*, 88 Wis. 427, 428; *McCormick v. Cleveland*, 98 Wis. 523. These cases go to the extent of holding that there must be something of record for the judgment to rest upon.

In the case at bar the judgment recites, in effect, that a demurrer *ore tenus* having been duly made on behalf of the defendant *Deissner* "upon the ground that the plaintiff's complaint did not state facts sufficient to constitute a cause of action" against him, "and the court having sustained such demurrer," and no amendment having been made or asked for, the court therefore ordered and adjudged that the complaint be dismissed, etc. The insufficiency of a complaint, like the want of jurisdiction, is never waived by a failure to demur or answer. Sec. 2654, Stats. 1898. The record shows that the judgment is based solely upon the insufficiency of the complaint. We must hold that such determination is reviewable without an exception or bill of exceptions. In the case of *Mandelert v. Superior C. L. Co.* 104 Wis. 423, cited in the opinion filed in this case, the only question was whether the ruling of the trial court upon such demurrer *ore tenus*, when put in the form of an order, was appealable, and we properly held that it was not.

This brings us to the question whether the complaint in the case at bar states facts sufficient to constitute a cause of action as against the defendant *Deissner*. Upon a re-examination of the case, we are convinced, as we were upon the first consultation, that the complaint does state a cause of action against him, although badly mixed and awkwardly expressed. It states, in effect, that prior to June 1, 1895, *Deissner* owned a mill at Waukesha, and sold therefrom flour, feed, and other produce; that about that time he started a retail flour and feed store in the city of Waukesha; that shortly thereafter he sold the same to one J. Fardy, who in turn, and at the instigation of *Deissner*, sold the same to the defendant Dwinnell (*Deissner* furnishing Dwinnell

$277 of the money to make such purchase, taking his note therefor, and discounting it at the bank, with his own indorsement, April 15, 1896); that *Deissner* continued to furnish Dwinnell with flour and feed from his mill until February 1, 1897, when his mill was consumed by fire; that at that time Dwinnell was indebted to *Deissner* about $400, which was soon reduced to $300; that May 15, 1897, Dwinnell and *Deissner* were notified by the bank holding the note mentioned, which had from time to time been renewed, that the same must be paid; that *Deissner*, well knowing that Dwinnell was then insolvent and his creditors pressing payment, entered into an arrangement with Dwinnell whereby he was to order a car load of flour from the plaintiffs, who were selling and shipping flour from Madison, and that when it should be received by Dwinnell at Waukesha he was to turn the same over to *Deissner*, so as to enable him to sell and claim the same as an innocent purchaser, and with the proceeds thereof pay the note at the bank, and turn the balance over to Dwinnell; that Dwinnell should thereupon make an assignment for the benefit of his creditors, and thus cheat the plaintiffs out of their car load of flour, and the value thereof; that *Deissner* and Dwinnell, well knowing that the latter was insolvent, falsely and fraudulently entered into such arrangement; that Dwinnell, after having at different times, and a short time before the transaction in question, obtained flour and feed from the plaintiffs upon credit upon such representations, upon which they relied, and knowing himself to be insolvent, did on or about May 15, 1897, in contemplation of making a general assignment for the benefit of his creditors, and with the intention of cheating and defrauding the plaintiffs, order from them a car load of flour, to be delivered to him at Waukesha, and the plaintiffs, relying upon, and believing the false representations which had been so made, shipped a car load of flour, consisting of 125 barrels, of the value of $512.50, to

Dwinnell, at Waukesha; that, before the arrival of the flour at Waukesha, *Deissner* sold the flour to Keihl & Arnold, respectively, bankers at Waukesha; that, immediately upon the arrival of the flour at Waukesha, Dwinnell delivered the same to *Deissner*, and *Deissner* immediately delivered the same to Keihl & Arnold, respectively, who were to pay *Deissner* therefor on or about August 20, 1897; that, upon *Deissner* completing such sale to Keihl & Arnold, he furnished Dwinnell with about $300, with which he paid and took up the note at the bank on which *Deissner* was so indorser, and also gave him about $130 as his share; that immediately upon *Deissner's* completing such sale to Keihl & Arnold, and on June 2, 1897, Dwinnell made an assignment for the benefit of his creditors; that June 5, 1897, the plaintiffs became aware of the fraud so practiced upon them, and elected to rescind the sale for such fraud and to sue Dwinnell and *Deissner*, and garnished Keihl & Arnold; that June 10, 1897, the garnishee summons was served on Keihl & Arnold, respectively, and June 15, 1897, the summons was served on Dwinnell and *Deissner*. Thus it appears that *Deissner* received the flour so wrongfully obtained, and converted the same to his use, and received most of the consideration therefor. " This court has repeatedly held that, where money or property has been wrongfully converted, the owner may waive the tort, and recover the amount of the money or the value of the property so converted, upon an implied contract. *Norden v. Jones*, 33 Wis. 600; *Smith v. Schulenberg*, 34 Wis. 41; *Walker v. Duncan*, 68 Wis. 624; *Lee v. Campbell*, 77 Wis. 340; *Van Oss v. Synon*, 85 Wis. 661. So, it has been expressly held by this court that, where money has been obtained by false representations, the party defrauded may waive the tort, and recover upon an implied contract to repay the money so obtained, and may properly have an attachment in such action to enforce such payment. *Western Ass. Co. v. Towle*, 65 Wis. 247, 254. That case has

been expressly approved in other states." *Barth v. Graf*, 101 Wis. 35. We must hold that the complaint states a good cause of action.

*By the Court.*— The judgment of this court is set aside, but otherwise the motion for a rehearing is denied, without costs. The judgment of the circuit court is reversed, and the cause is remanded for a new trial.