MIDLOTHIAN IRON MINING COMPANY, Respondent, vs. DAHLBY and others, Appellants.

*November 1 — November 16, 1900.*

*Orders: Review on appeal from judgment: Exceptions: Insufficiency of complaint: Waiver: Tax titles: Insufficient notice of sale.*

1. An order refusing to dismiss an action for want of prosecution under sec. 2811a, Stats. 1898, is an intermediate order and will not be reviewed on appeal from a judgment subsequently rendered unless it was excepted to and the order and exception incorporated into the bill of exceptions.

2. The question whether a complaint states a cause of action will not be considered on appeal unless it was raised in the trial court by demurrer or objection to the admission of any evidence thereunder.

3. A county treasurer's notice of the sale of lands for taxes, stating that they would be sold at a time designated, "in the town of B.," without stating where, does not comply with sec. 1130, Stats. 1898 (providing that such notice shall state that the lands will be sold at public auction "at some public place, *naming the same*, at the seat of justice of the county"), and a deed based upon the sale conveys no title.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action was commenced April 29, 1887, to set aside a tax deed issued by Bayfield county to itself on sale of 1882. The defendants were made parties as the holders of a quitclaim deed from the county. The complaint alleged that the deed was void for a number of reasons, and, among others, that there was no proper notice of sale and no affidavit of nonoccupancy. Issue was joined April 21, 1888, and the answer was a general denial. The action was noticed for trial at the June term of court for 1899. The defendants then made a motion to dismiss the action for the reason that it had not been brought to trial within five years after it was commenced, based upon an affidavit of defendants' attorney showing the facts. The plaintiff contested

the motion, and produced affidavits showing that propositions for settlement had been made from time to time, and that the case had hung along, and these offers were still pending. The court made an order denying the motion and holding the case for trial upon the payment by plaintiff to defendants of $10 motion costs. Such costs were paid, and accepted by defendants' attorneys. No exceptions were filed to this order. The case was afterwards brought to trial, and the court made findings that the plaintiff was the owner of the land, and that the tax deed in question was void because of defects in the notice of tax sale and in the affidavit of posting, and because no affidavit of nonoccupancy had been made. Judgment was entered for plaintiff, and the defendants have appealed.

For the appellants there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

For the respondent there was a brief signed by *Clapp & Macartney,* and oral argument by *N. H. Clapp.*

BARDEEN, J. The motion to dismiss this action was based upon sec. 2811*a*, Stats. 1898. This section provides that the circuit and superior courts may dismiss any and all actions or proceedings pending therein in which issue has been joined and which shall not be brought to trial within five years after the commencement of such action or proceeding. The order is an intermediate one, not involving the merits and necessarily affecting the judgment. The appeal is from the judgment. This court will not review such intermediate orders unless excepted to and the order, with the exceptions, brought into the record by a proper bill of exceptions. *Keller v. Gilman,* 96 Wis. 445; *Donkle v. Milem,* 88 Wis. 33. The bill of exceptions fails to show any exception taken to the order. Hence we cannot review it.

On the merits, the only objection raised by defendants is that the complaint does not state a cause of action. But this

question is not before us. No objection to the complaint on that ground was ever taken. The only objection appearing in the record is to certain scraps of evidence, on the ground that it was not admissible under the pleadings. If the defendants believed in good faith that the complaint was insufficient, it was their duty to challenge it by a demurrer or objection to any evidence thereunder, so that the trial court might have an opportunity to rule thereon, and the other side a chance for amendment. This was not done, and the defendants are therefore without any foundation to base their contention upon.

The evidence offered fully sustained the conclusion of the trial court that defendants' tax deed was without legal basis. The treasurer's notice of sale stated that the lands would be sold at a time designated, "in the town of Bayfield," without stating where. Sec. 1130, Stats. 1898, says that such notice shall state that such lands will be sold at public auction "at some public place, *naming the same*, at the seat of justice of the county." The notice is flagrantly bad, and the deed based upon it conveyed no title.

Other defects in the record leading up to the sale were shown, but, inasmuch as counsel for defendants do not attack the court's findings, it is unnecessary to pursue this discussion.

*By the Court.*— The judgment is affirmed.