I. L. Lamm Company, Appellant, vs. Peaks and another, Respondents.

*January 12—February 1, 1916.*

*Attachment: Demand not due: Condition precedent: Insufficient undertaking: Vacating judgment and attachment.*

The giving of the undertaking required by sec. 2731, Stats., for three times the amount demanded is a condition of the right to maintain an action on a demand not yet due; and where such an undertaking was not given it was proper for the trial court, on motion, to set aside a judgment taken by default and vacate the attachment proceedings.

Appeal from an order of the circuit court for Washburn county: George Grimm, Judge. *Affirmed.*

Plaintiff commenced an action in the circuit court for Washburn county on a demand, not due, for $330.50 and interest thereon from March 4, 1915, and caused a writ of attachment to be issued therein, pursuant to which, in form, a levy was made on real estate in which defendants were interested. In due time judgment was rendered in such action. Defendants appeared in the action but did not answer. No notice of the application for judgment was given. As soon as they were informed of the judgment, they caused a motion to be made to set it aside and to vacate pending proceedings to enforce it, upon the ground, among others, that the statute authorizing the maintenance of an action and the issuance of a writ of attachment therein on a demand, not due, was not complied with in that the undertaking given was not conditioned in three times the amount of the demand. The undertaking was in the sum of $750, or less than twice the amount of the demand. The motion was granted.

For the appellant the cause was submitted on the brief of *W. E. Haily.*

*L. H. Mead,* for the respondents.

MARSHALL, J. The only authority for the maintenance of an action to recover a debt, not due, is found in sec. 2731, Stats., which requires, as a condition of such maintenance, the issuance of a writ of attachment upon an undertaking in three times the amount of the demand. It is conceded that such an undertaking was not given, but is suggested that the remedy of the defendants was by plea in abatement. The case not being one where there was a complete cause of action when the summons was served, but something was required to be done as a condition of enforcing it, a motion in the action to vacate the proceedings was proper. So ruled in *Lombard v. McMillan,* 95 Wis. 627, 634, 70 N. W. 673.

That the giving of the undertaking required by sec. 2731 was an absolute condition of the right to maintain the action, and in absence thereof that it was proper for the court to dismiss it and vacate all proceedings had therein, is ruled by *Gowan v. Hanson,* 55 Wis. 341, 13 N. W. 238, and *Streissguth v. Reigelman,* 75 Wis. 212, 43 N. W. 1116.

In the first case cited, this court held that "the giving of an undertaking for three times the amount demanded is as essential to the right to maintain the action as the making of the affidavit. Both things are absolutely necessary and requisite where the debt is not due, and the omission of either is fatal to the action," and that the circuit court should have dismissed the suit on defendant's motion.

It follows that no error was committed in vacating the judgment and attachment proceedings.

*By the Court.*—The order is affirmed.