HOEFFLER MANUFACTURING COMPANY, Appellant, vs. CASU-
ALTY COMPANY OF AMERICA, imp., Respondent.
SAME, Respondent, vs. MACHAJEWSKI, imp., Appellant.

*April 11—May 2, 1916.*

*Replevin: Return of property to defendant: Void undertaking: Lia-*
*bility of surety: Judgment: Form: Evidence: Discharge in bank-*
*ruptcy: Chattel mortgages: Waiver of lien: Appeal: Disposition*
*of case.*

1. Where, in a replevin action, an undertaking given to secure the
   return of the property to the defendant was not the undertak-
   ing required by sec. 2722, Stats.,—being in this case an undertak-
   ing to secure the sheriff on seizure of property under an attach-
   ment or execution,—the plaintiff cannot have judgment against
   the surety.
2. In such a case, the undertaking given being void and no under-
   taking having been given under sec. 2722, Stats., a judgment ab-
   solutely for the value of the property, instead of in the alterna-
   tive, was erroneous, not being authorized by sec. 2888.
3. In replevin by a chattel mortgagee, evidence of the discharge of
   the defendant in bankruptcy was immaterial, since it would not
   affect plaintiff's right of recovery if he had a lien on the prop-
   erty under the mortgage.
4. Where, in such action, after the rendition of an erroneous judg-
   ment absolutely for the value of the property, the plaintiff caused
   the property to be seized and sold on execution, and bid it in,
   thus obtaining by an irregular proceeding what he would have
   obtained had he taken the proper judgment, such acts did not
   operate as a waiver of his lien under the chattel mortgage.
5. Upon reversal of the erroneous judgment in such case, this court
   directs the entry of the proper judgment in the alternative,
   under sec. 2888, Stats., and that the execution and all proceed-
   ings thereunder be annulled.

APPEALS from an order and a judgment of the circuit court
for Milwaukee county: OSCAR M. FRITZ, Circuit Judge.
*Order affirmed; judgment reversed.*

The plaintiff brought an action of replevin and seized cer-
tain property under the writ, viz. one electric piano and three
music rolls sold to defendant *Machajewski* by plaintiff on the

16th day of September, 1912, for $700. The plaintiff took an old piano at the agreed price of $200 in part payment, leaving a balance due of $500, which amount was to be paid in monthly instalments and evidenced by twenty-five promissory notes, which notes were secured by chattel mortgage on the instrument sold to defendant *Machajewski*. Before delivery of the property to plaintiff the defendant *Machajewski* attempted to give a bond under sec. 2722, Stats., to secure possession thereof, with the respondent, *Casualty Company of America* of New York, as surety. The bond was as follows:

"Know all men by these presents, that we, *John Machajewski* and the *Casualty Company of America* of New York, of the county of Milwaukee and state of Wisconsin, are held and firmly bound unto Lawrence McGreal, sheriff of the county of Milwaukee, in the sum of fourteen hundred and 00/100 dollars to be paid to the said Lawrence McGreal, his executors, administrators, and assigns, to which payment well and truly to be made we jointly and severally bind ourselves, our heirs, executors, and administrators firmly by these presents.

"Sealed with our seals and dated this 22d day of January, 1913.

"Whereas, an attachment issuing out of the circuit court in and for the county of Milwaukee, in favor of *Hoeffler Manufacturing Company* and against *John F. Machajewski,* has been directed and delivered to the said Lawrence McGreal, sheriff of the county of Milwaukee, by virtue of which the sheriff, at the request of the *Hoeffler Manufacturing Company,* is about to seize and levy on certain personal property, about which there is reasonable doubt as to the ownership or its liability to be taken on said execution, to wit: 'Replevin of electric piano valued at seven hundred dollars, for nonpayment on account of misrepresentation by plaintiff:'

"Now, therefore, the condition of this obligation is such, that if the said *John F. Machajewski* shall well and truly indemnify and save harmless the said Lawrence McGreal, sheriff as aforesaid, his deputies and persons acting under his or their authority, and each and every one of them, against all suits, judgments, executions, troubles, costs, charges, and expenses arising or which may be suffered or sustained by him

or any of them by reason or consequence of such levy and seizure or of the subsequent proceedings thereon, without limit to the amount of said costs, charges, and expenses, whatever they may be, then this obligation to be void, otherwise to be and remain in full force.

(Signed)                "JOHN F. MACHAJEWSKI.    (Seal.)
                             "CASUALTY COMPANY OF AMERICA,
       "By Jacob Kramer, its Attorney in Fact.    (Seal.)
"Signed, sealed, and delivered in presence of
                "Edgar Prokriefke,
                "Elenor Pederson."

On the execution and delivery of the foregoing bond the sheriff delivered the property to the defendant *Machajewski.*

The defendant *Machajewski* appeared and answered but made no defense in the first trial, and judgment was rendered against him and the *Casualty Company of America* of New York on the 26th day of June, 1914, for the sum of $496.21, being amount due plaintiff from defendant on the notes and mortgage at that time, together with $49.11 costs. Afterwards, upon application of the defendant *Machajewski,* he was permitted to open the judgment and defend. The case was afterwards tried by the court and a jury, and the jury found that the plaintiff was entitled to possession of the property mentioned in the complaint, that the defendant unlawfully withheld the same, that damages for unlawful detention were six cents, that the value of the property was $700 and the amount due upon the notes and mortgage $546.84, and that the plaintiff was entitled to judgment for the possession of the property or to a judgment for the value thereof against the defendant *Machajewski.*

Judgment was rendered on the 26th day of May, 1915, against the defendant and the *Casualty Company of America* of New York for $546.84, together with $61.10 costs as taxed and allowed, making in all $607.96.

The judgment also recites that the property was delivered to the defendant *Machajewski* pursuant to sec. 2722, Stats., and that the *Casualty Company* is the surety who signed and

executed the written undertaking pursuant to said section; and further recites that the plaintiff elected to take judgment absolutely for the value of the property.

On motion of the respondent *Casualty Company* an order was made by the court vacating and setting aside the judgment as to it, and the plaintiff appealed from said order.

The defendant *John F. Machajewski* appealed from the whole judgment.

The cause was submitted for the plaintiff on the briefs of *A. J. Eimermann;* for the defendant *Casualty Company* on that of *Williams & Stern;* and for the defendant *Machajewski* on a brief signed by *W. J. Kershaw,* attorney, and *R. I. Kenney,* of counsel.

KERWIN, J.  It is clear that the bond executed by the *Casualty Company* on delivery of the property to the defendant *John F. Machajewski* was not the bond required by sec. 2722, Stats.  As will be seen from the statement of facts, the bond given was a bond to secure the sheriff on seizure of property under an attachment or execution.

Where property has been taken on writ of replevin, the statute, sec. 2722, provides that:

"At any time before the delivery of the property to the plaintiff the defendant may, if he do not except to the sureties of the plaintiff, require the return thereof upon giving to the sheriff a written undertaking, executed by two or more sufficient sureties, to the effect that they are bound in double the value of the property, stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendant. . . ."

No bond in compliance with this section was given, and the bond given as a bond for return of the property to plaintiff, not being in compliance with the statute, was void, and no valid judgment could be rendered against the surety thereon in the replevin action.

The court could enter judgment against the *Casualty Company* in the replevin action only upon an undertaking in compliance with the provisions of sec. 2722, Stats., namely, for the delivery of the property to the plaintiff if delivery be adjudged, and for the payment to plaintiff of such sum as may be recovered against the defendant. *Drinkwine v. Eau Claire,* 83 Wis. 428, 53 N. W. 673; *Baxter v. Berg,* 88 Wis. 399, 60 N. W. 711; *Mayhew v. Mather,* 82 Wis. 355, 52 N. W. 436; *Woolridge v. Quinn,* 49 Mo. 425; *Dillard v. Nelson,* 78 Ark. 237, 95 S. W. 460; *I. L. Lamm Co. v. Peaks,* 162 Wis. 289, 156 N. W. 194; *Chaffee v. Sangston,* 10 Watts, 265. It follows from what has been said that the judgment against the *Casualty Company* was properly set aside and vacated.

On the appeal of the defendant *John F. Machajewski* it is insisted that, the bond being void, the court had no power to enter the judgment. *Mayhew v. Mather,* 82 Wis. 355, 52 N. W. 436.

Where no bond is given for delivery of the property to defendant under sec. 2722, Stats., the judgment may be under sec. 2888, Stats., which provides that judgment for the plaintiff may be for possession or recovery of possession of the property, or the value thereof in case a delivery cannot be had, and damages for detention; and when the property shall have been delivered to defendant under sec. 2722, judgment may be as aforesaid or absolute for the value of the property and damages for detention, at the plaintiff's option. In the instant case judgment was taken absolutely for the value of the property and not in the alternative as provided in sec. 2888, Stats. The judgment obviously was entered on the theory that the bond given by the *Casualty Company* was a valid bond under sec. 2722. But the bond being void and no bond having been given for return of the property to plaintiff, the judgment entered was erroneous and not the judgment authorized by statute where no bond was given under sec. 2722. *Mayhew v. Mather,* 82 Wis. 355, 52 N. W. 436; *Baxter v. Berg,* 88 Wis. 399, 60 N. W. 711.

It is also insisted that the court below erred in excluding evidence of the record of discharge of defendant from his debts in bankruptcy proceedings before the rendition of the judgment below. In the replevin action this record was immaterial, because it would not affect the plaintiff's right to recover if it had a lien on the property under the mortgage which was the basis of plaintiff's right to recover.

It further appears that after rendition of the judgment appealed from the plaintiff caused execution to be issued on the judgment and levy made upon the property which was the subject of the replevin suit, and the property advertised, offered for sale, and bid in by plaintiff. It is claimed by defendant *John F. Machajewski* that these acts by the plaintiff operated as a waiver of the plaintiff's lien under its mortgage. We do not think the facts show a waiver of lien under the mortgage.

The difficulty arose from the error in entering judgment for the value of the property instead of a judgment in the alternative for possession, or value in case delivery could not be had. Since the plaintiff under the judgment taken could not obtain possession under the judgment, it obviously adopted, as a means of getting possession, an execution. The plaintiff obtained by an irregular proceeding what it would have obtained by a regular proceeding had it taken a proper judgment. So we think there was no waiver of plaintiff's lien under its mortgage. But as the record now stands, the plaintiff has the property and also a judgment for its value, less what was applied on the judgment under the irregular sale on execution. We think, however, that complete justice may be done between the parties by entering a judgment under sec. 2888, Stats., for possession of the property, or the value thereof in case a delivery cannot be had, and six cents damages for detention and costs, and that the execution and all proceedings thereunder be set aside and annulled. This will leave the plaintiff all it was entitled to in the replevin action.

*By the Court.*—On the appeal of plaintiff from the order

vacating the judgment against the *Casualty Company of America* of New York the order is affirmed with costs.

On the appeal of the defendant *John F. Machajewski* the judgment is reversed, and the cause remanded with instructions to the court below to enter judgment as indicated in this opinion, with costs in this court in favor of defendant *John F. Machajewski.*