# THE HUTTIG-McDERMID PEARL BUTTON COM-PANY et al., Appellants, v. SPRINGFIELD SHIRT COMPANY et al., Respondents.

### Springfield Court of Appeals, January 10, 1910.

1. **REPLEVIN: Common Law and Statutory Bonds.** A bond given by the plaintiff in a replevin suit which, as to form, complies with the statutory provisions, but which appears on its face to have been taken and approved by the circuit clerk, and there was no approval by the sheriff as required by the statute, it is a common law bond and not a statutory bond.

2. ————: ————. The rule is well established in this State that a statutory bond not executed or not conditioned as required by the statutory law may yet be sustained as a common law bond.

3. ————: ————: **Judgment Against Sureties: Jurisdiction.** The referee in a replevin suit found for the defendant and recommended that judgment for damages be rendered against plaintiff and his sureties on the replevin bond; this finding was sustained by the circuit court, but the judgment as written omitted the finding against the sureties. Later, on motion, without process or notice to the sureties, a *nunc pro tunc* order was made correcting the judgment and making it also read against them. The bond had not been approved by the sheriff. *Held*, that the bond was not a statutory bond and the judgment against the sureties was void for want of jurisdiction in the court over the sureties.

4. ————: ————: **Summary Judgment Against Sureties.** Revised Statutes 1899, section 4474, in authorizing a judgment against plaintiff and his sureties without process refers to a bond taken in accordance with section 4465. To authorize a summary judgment such bond must have been delivered to and approved by the sheriff.

5. ————: ————: **Bond Approved by Sheriff: Presumption.** Where a replevin bond has written upon it the approval and signature of the circuit clerk, it cannot be presumed that the bond was approved by the sheriff, because he seized the property under it.

6. **EVIDENCE: Presumptions.** Presumptions must be based on facts and one presumption cannot be based upon another.

7. **JURISDICTION: Process: Special and General Appearances.** A general appearance waives the service of process and confers jurisdiction, but an appearance for a special purpose does not waive process.

8. ————: ————: ————: **Judgment.** Where the attorney for the plaintiff in a replevin suit is also surety on the bond, which is held a common law bond because not approved by the sheriff, and the attorney appears merely as attorney, for the sole purpose of objecting for his client to the jurisdiction of the referee to make a finding against the sureties, this is not such an appearance as will, in itself, authorize the referee to render judgment against the sureties.

Appeal from Greene Circuit Court.—*Hon. James T. Neville*, Judge.

REVERSED.

*Hamlin & Seawell* for appellants.

(1) Bonds in replevin suits instituted in the circuit court must be approved by the sheriff of the county, R. S. 1899, secs. 4465, 4466, 4469. (2) The bond may be a valid common law bond, but the court did not have jurisdiction to render a summary judgment against the sureties. (3) The bond is not a statutory one and if valid at all, is a common law bond. State to use v. Finke, 66 Mo. App. 238. (4) The failure of the sheriff to approve the bond is not a mere irregularity and does not come within the provisions of section 2800, Revised Statutes 1899, but is a fatal omission. State v. Crosswhite, 195 Mo. 1.

*J. P. McCammon* for respondents.

(1) The bond is in form strictly a statutory bond. That it was approved by the sheriff is shown by his seizing the property and by his delivery of same to appellant. This also is expressly decided in this State, the court holding that "the return of the bond with the process into court, by the proper officer, would be at least *prima facie* evidence of his approval of the sureties."

State to use v. Hesselmeyer, 34 Mo. 76; Graves v. Mc-Hugh, 58 Mo. 499. (2) "The cases hold that if, in an action by two or more plaintiffs, or against two or more defendants, judgment has been mistakenly entered for one plaintiff only or against one defendant only, as the case may be, a proper judgment *nunc pro tunc* may be subsequently entered, without notice, if the record furnishes sufficient ground." 1 Freeman on Judg., sec. 132; Allen v. Bradford, 3 Ala. 281, 37 Am. Dec. 689; Rogers v. Brooks, 31 Ark. 194; Freeman v. Mears, 35 Ark. 278; Shane v. Duprey, 3 S. W. 366.

STATEMENT.—On the 21st day of December, 1906, the appellant, The Huttig-McDermid Pearl Button Company instituted a suit in replevin in the Greene Circuit Court against the Springfield Shirt Company, a corporation, for the possession of a quantity of pearl buttons purchased by the said shirt company from the appellant. Shortly after the suit was instituted, the shirt company was declared a bankrupt and a trustee in bankruptcy was appointed. A replevin bond was executed by the appellant which is as follows (formal parts omitted) :

"The Huttig-McDermid Pearl Button Company, as principal, and Jno. Kelley and O. T. Hamlin as securities, acknowledge ourselves to owe and stand indebted to Springfield Shirt Company, the defendant, in the sum of eighteen hundred and fifty dollars, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors and administrators, firmly by these presents. This obligation to be void upon the following conditions. That if the plaintiff shall duly prosecute the above entitled action, and that if the property be delivered to him, he shall return the same to the defendant if return thereof be adjudged, and shall pay to the defendant such sum as may, for any cause growing out of the order that may be issued in said action, be recovered against the plaintiff, and shall pay all costs and

damages that may be adjudged against him, otherwise to remain in full force and effect in law.

"THE HUTTIG-MCDERMID PEARL BUTTON CO.,
    "By O. T. HAMLIN, Atty.
    "O. T. HAMLIN,          (Seal)
    "JNO. KELLEY,         (Seal)
"Approved this 21st day of December, 1906,
    "T. A. NICHOLSON, Clerk.
    "By S. A. REED, D. C."

Under the writ of replevin, the sheriff seized a large quantity of buttons as the property of appellant in addition to those described in the petition and writ. The question to be determined was the value of the buttons illegally taken and which belonged to the respondent.

The case was referred to G. W. Goad with authority to hear and determine the matters in issue. He afterwards made his report to the court in which he made the following recommendation:

"I further recommend that defendants have and recover judgment against the plaintiff and his sureties on the replevin bond for return of the property hereinbefore last described, or for the assessed value thereof, to-wit: $168.72, at the election of defendant, and for $1.00 damages for the taking and detention thereof, and for his cost that accrued herein subsequent to the appointment of the referee herein. It is contended by plaintiff that summary judgment should not be rendered against the sureties on the replevin bond for the reason said bond was approved by the clerk of this court instead of being approved by the sheriff. It was the duty of the sheriff to approve said bond and indorse his approval thereon which indorsement was not made by said sheriff. However, the bond being in statutory form, and seizure made thereunder, the presumption is raised that said bond was approved by the sheriff. Therefore I hold that plaintiff's contention ought not be sustained."

On the 23d day of November, 1907, the court rendered the following judgment (formal parts omitted):

"Now on this day come parties, plaintiff and defendant in the above cause and said cause having been submitted to G. W. Goad, referee, and the said referee having filed his report, the court having examined and fully heard said report and being fully satisfied in the premises and that said report is just and correct, it is ordered, considered and decreed by the court that said report be in all things confirmed and approved; . . . and defendants elect to take assessed value of goods, $168.00, and the court doth find the amount due and owing from the plaintiff to the defendant on the account herein sued on to be the sum of $168.00 as debt and damages. It is therefore ordered, adjudged and decreed by the court that the defendant have and recover of and from the plaintiff, The Huttig-McDermid Pearl Button Company, a corporation, the sum of $168.00 as debt and damages aforesaid assessed by the court, together with all costs in this suit laid out and expended for which execution may issue."

On the 7th day of November, 1908, the respondent filed a motion to correct the judgment, *nunc pro tunc.* The motion after referring to the recommendation of the referee in his report, proceeds as follows:

"That the sureties on said replevin bond were and are O. T. Hamlin and John Kelley. That on the 23d day of November, 1907, the court rendered judgment herein approving and confirming the report of said referee and against the said plaintiff and said O. T. Hamlin and John Kelley for the sum of one hundred and sixty-eight dollars, and the same being the assessed value of said property and which defendants elected to take instead of the said property, together with the said costs. That by mistake and misprision of the clerk of the court in writing and making the record entry of said judgment and said entry thereof as recorded by said clerk did not and does not now show the real judgment so recorded in

that it fails to show any judgment against the said sure-
ties, O. T. Hamlin and John Kelley. Wherefore, these
defendants move the court by its order and judgment to
make and cause to be made a record entry now for then
correctly setting forth and stating the judgment act-
ually rendered and showing that the said judgment was
rendered against said O. T. Hamlin and John Kelley as
was the fact."

Upon the hearing of said motion, the court entered
a *nunc pro tunc* judgment of which the following is a
part:

"The court further finds from the evidence that the
clerk did not enter upon the records of the court the
judgment in fact rendered by the court in that he did
not enter up judgment against the said sureties, O. T.
Hamlin and John Kelley, and the said defendants are
entitled to have said judgment entered against said
sureties.

"Wherefore, it is by the court considered, ordered,
and decreed now for then that the plaintiff have and re-
cover of and from the defendants, the pearl buttons de-
scribed in plaintiff's petition and which were and are in
its possession, together with the costs accruing up to
the time of the appointment of said referee. It is fur-
ther considered, ordered, adjudged and decreed, now for
then, that the said defendants have and recover of and
from the said Huttig-McDermid Pearl Button Company
and O. T. Hamlin and John Kelley the sum of $168.00
and as of the date of November 23, 1907, the same to
bear interest from November 23, 1907, at the rate of six
per cent per annum, together with all costs accruing
after the appointment of the referee herein, for all
which execution may issue."

The plaintiffs below have perfected their appeal
from this judgment.

NIXON, P. J. (after stating the facts).—The one
paramount and burning question in this case is whether

the trial court had jurisdiction at its September term, 1908, to render judgment against O. T. Hamlin and John Kelley, the sureties on the replevin bond.

At no place in the record does it appear that any process was served upon the sureties requiring them to appear, nor does it appear that any notice was served on them that the motion to correct the judgment *nunc pro tunc* had been set for hearing or requiring them to appear or that either of the sureties entered an appearance at the hearing of the motion. If, therefore, the court had jurisdiction over the sureties to enter the *nunc pro tunc* judgment against them, it must have acquired such jurisdiction at the time the case was heard before the referee, unless it shall appear that the said Hamlin and Kelley were sureties on a *statutory* replevin bond and not on a common law bond. If, in the consideration of this case, the conclusion is reached that the replevin bond was not a statutory bond but a common law bond, then the numerous other questions that have been argued by learned counsel need not be considered.

Section 4464 of the Revised Statutes of 1899, chapter 56, concerning replevin, provides that upon filing the affidavit by the plaintiff set out in section 4463, idem, the court, judge or clerk in vacation shall make an order requiring the defendant to deliver the property specified in the affidavit to the sheriff, and requiring the sheriff, if the same be not delivered to him, to take the same from the defendant and deliver it to the plaintiff. The next succeeding section—4465—provides that the sheriff shall not receive or take such property until the plaintiff should deliver to him a bond executed by two or more sufficient sureties, the same to be approved by the sheriff.

An examination of the text of the bond set forth in the statement herein will show that it conforms to the standard forms of replevin bonds in use in this State; that is, the conditions are those that are provided for in

the statutes. Section 4474, idem, provides that on the contingency that the plaintiff fails to prosecute his action with effect and without delay and shall have the property in his possession, and defendant in his answer claims the same and demands return thereof—which are the conceded facts in this case—then a judgment shall be entered against the plaintiff and his sureties that he return the property taken or pay the value so assessed at the election of the defendant, and pay the damages assessed for the taking and detention of the property and costs of suit. Undoubtedly, section 4474, in authorizing a judgment against plaintiff and his sureties, without process, refers to a bond taken in accordance with the preceding section in the same chapter—section 4465—and the replevin bond authorizing a summary judgment by the court without process or notice as provided in this last section refers to the statutory bond which shall have been delivered to and approved by the sheriff as is specifically provided for in section 4465.

The question then recurs, was the replevin bond of appellant herein such a bond as is provided for in this section and was it delivered to and approved by the sheriff?

The rule is well established in this State by many authorities that a statutory bond not duly executed or not conditioned as required by law may yet be sustained as a common-law bond. [State ex rel. v. O'Gorman, 75 Mo. 370; State ex rel. v. Sappington, 67 Mo. 529; Waterman v. Frank, 21 Mo. 108.] It was held in the case of Wooldridge v. Quinn, 49 Mo. 425, that a bond given by the defendant in a replevin suit conditioned for the delivery of the property to the sheriff instead of to the plaintiff does not conform to the statutes and hence does not authorize a judgment under the statutes. In the present case, the following entry appears on the bond: "Approved this 21st day of December, 1906. T. A. Nicholson, Clerk, by S. A. Reed, D. C." It appears from this that the *clerk* approved the bond and not

the *sheriff* as required by law. In the case of State to use
v. Finke, 66 Mo. App. 238, it was held that where the
clerk of a circuit court who had taken an attachment
bond and thereon issued the writ of attachment, he had
no power to subsequently take another bond even
though the first one failed to contain a condition pre-
scribed by the statute. But it is further held, that the
latter bond, though not containing the indorsement or
approval of the clerk, was valid as a common-law bond
and might be enforced by proper process. Also, in the
case of Williams v. Coleman, 49 Mo. 325, it is held that
a bond given under the third provision of section 48 of
the attachment act (Wagn. Stat. 191), if approved by
the judge in vacation, may not be good under the stat-
ute, but is nevertheless a valid common-law bond. These
authorities seem to establish the rule that a delivery
to and approval of a replevin bond by the *sheriff* is nec-
essary to constitute a statutory bond under the replevin
act, and that a bond not in compliance with the statute
will not authorize a summary judgment against the
sureties.

But the respondents in this case contend that in or-
der to constitute an approval of the sheriff of the re-
plevin bond, it was not necessary for him to indorse his
approval on the bond; that he, as a matter of fact, did re-
ceive the bond in question and seized the property un-
der it and that we therefore have the right to *presume*
that he discharged his official duty and properly ap-
proved the bond. We are cited to the case of The Whit-
man Agricultural Ass'n v. The National Ry., etc., Assn.,
45 Mo. App. loc. cit. 93, 94, in support of this conten-
tion. That was an attachment bond on which the clerk
did not indorse his approval. The opinion, however, re-
cites that he did in fact receive the bond and issue the
writ of attachment, and the case holds that the indorse-
ment of approval on the bond is but evidence of ap-
proval and not the only evidence. This case is cited to
support the contention that the sheriff's approval of the

replevin bond should be presumed from the fact that he seized the property of plaintiff under it. That case will, however, on examination be found not to be applicable to this case. We are not left to rely upon any presumption in the case under consideration. It appears patent on the very face of the bond that the sheriff did not take or approve it, but that it was taken and approved by the circuit clerk who had no authority either to take or approve it under the statutes concerning replevin. If there had been no actual indorsement of approval by anyone, then the evidence of approval might be sustained by the presumption that the law attaches to the official acts of the sheriff. Presumptions have no place in the presence of actual facts. As was said in the case of Mockowik v. Kansas City, St. J. & C. B. R. Co., 196 Mo. 550, 94 S. W. 256: "Presumptions may be looked on as the bats of the law, flitting in the twilight but disappearing in the sunshine of actual facts." The "sunshine of actual facts" as to the approval of this bond is written across its very face—"Approved this 21st day of December, 1906, T. A. Nicholson, Clerk, by S. A. Reed, D. C." There is no room left for a presumption. Again, in order to maintain respondents' contention, we have to base one presumption upon another. We have to presume in the first place that the replevin bond was delivered to the sheriff, and then we have to presume from that delivery and the sheriff's official action that he approved the bond. Presumptions must be based on facts, and one presumption cannot be based upon another. [16 Cyclopedia of Law and Procedure, 1051.]

But it is further contended by respondents that O. T. Hamlin was attorney for the Huttig-McDermid Pearl Button Company and that he entered his appearance before the referee at or before the time when the referee recommended judgment against the button company and its sureties on the replevin bond. The only evidence we find in the record as to O. T. Hamlin being attorney for the button company is in the *nunc pro tunc*

judgment hereinbefore set forth, in which, after enu-
merating the property illegally taken under the writ
of replevin, recites that all of said property was then
in appellants' possession "at the office of appellants'
attorney, O. T. Hamlin, Esq." As the record fails to
show that O. T. Hamlin was present at the time the
*nunc pro tunc* judgment was entered, this recital cer-
tainly was not binding on him. As we have seen, the
report of the referee recommends judgment against the
appellant, the Huttig-McDermid Pearl Button Com-
pany and its sureties; but so far as his report shows,
the question as to whether the replevin bond was a
statutory bond or a common-law bond was not deter-
mined by him in the presence of O. T. Hamlin. And
even though the record were otherwise, the appearance
before the referee of O. T. Hamlin as attorney for his
client, The Huttig-McDermid Pearl Button Company,
and the defense of the proceedings against such client
in objecting for his client to the jurisdiction of the
referee to enter judgment against the sureties, would
not, of itself, be such an appearance as to authorize the
referee, on the strength of such appearance, without
process, to enter judgment against O. T. Hamlin and
John Kelley in case the replevin bond did not conform
to the statute and was only a common law bond. The
distinction has been long and uniformly made in this
State between a general and a special appearance. The
rule is that a general appearance waives the service of
process and confers jurisdiction, while a special appear-
ance or an appearance for a special purpose does not
waive process. Where an appearance is made for the
purpose of objecting to jurisdiction because of the ab-
sence of process, such appearance does not as a rule
give the court jurisdiction of the person. [3 Cyclopedia
of Law and Procedure, 527.] Though a party has ap-
peared in court for one purpose, he may not be con-
sidered in court for any other purpose or for all pur-
poses. [Anderson v. Brown, 9 Mo. 646.]

We therefore conclude on a survey of this case that the bond was not a statutory bond and that the referee had no authority to recommend a summary judgment against the sureties on the bond; and further, that the *nunc pro tunc* judgment entered by the circuit court upon the referee's report giving judgment against the sureties on the bond was without jurisdiction. The judgment is accordingly reversed. All concur.