R. W. WILSON MOTOR COMPANY ET AL., RESPONDENTS, v. J. G. HOOVER ET AL., APPELLANTS.*

Kansas City Court of Appeals.   February 28, 1927.

---

*Corpus Juris-Cyc. References: Corporations, 14aCJ, section 2893, p. 798, n. 51; Parties, 30Cyc, p. 54, n. 40; p. 95, n. 70; Principal and Surety, 32Cyc, p. 88, n. 32; Replevin, 34Cyc, p. 1447, n. 59; p. 1512, n. 90; p. 1595, n. 92.

*Hackney & Welch* for respondent.

*Rader & Rader,* and *Joseph S. Brooks* for appellant.

ARNOLD, J.—This is a common-law action for damages on a replevin bond given by defendants in a prior action in replevin. The replevin suit was instituted by defendants herein against R. W. Wilson, doing business as R. W. Wilson Motor Company, and the obligee in the bond was so designated.

At the return term of the replevin suit the R. W. Wilson Motor Company, a Missouri corporation, entered its appearance and filed its motion to be made a party defendant, and this motion was sustained. The corporation, thereupon, after claiming the property and demanding its return, filed a motion to require plaintiffs in the replevin suit to file an additional replevin bond specifically naming the said corporation as such as one of the obligees therein. The said motion was sustained and an order accordingly entered requiring plaintiffs therein to furnish such additional bond. Plaintiffs therein defied the said order of the court, refused to give the additional bond and the delivery of the property to defendant's therein, and the dismissal of the replevin suit was thereupon ordered by the court. Thereafter this suit was instituted, the defendants in the replevin suit becoming the plaintiffs herein and plaintiffs in the replevin suit becoming defendants herein, to recover damages sustained to the property involved, during the pendency of the replevin suit and while the property was in possession of defendants herein, *viz.,* J. G. Hoover and C. A. Hoover, doing business as Hoover Brothers Construction Company.

From the fragmentary and more or less disconnected statements of counsel and the pleadings of record in both cases, it appears the R. W. Wilson Motor Company was a corporation dealing in motor trucks; that at the time the replevin suit was instituted the corporation had possession of two new 7-X Stewart trucks, equipped with steel contractor's dumps and hoists, valued at $8080 for the two; that on or about April 4, 1921, J. G. Hoover and C. A. Hoover, doing business as Hoover Bros. Construction Company, filed suit in the circuit court of Jackson county, Missouri, at Kansas City, to replevin said trucks, claiming right of possession thereof, naming themselves as plaintiffs and describing defendants therein as "R. W.

Wilson, doing business as R. W. Wilson Motor Company." That on the institution of the replevin suit and incident thereto, plaintiffs therein executed and delivered to the sheriff of Jackson county, Missouri, a replevin bond in the penal sum of $16,000, which was double the value of the trucks as stated in the affidavit for replevin. The bond was signed by the Hoovers as principal with defendant United States Fidelity and Guaranty Company, as surety. The bond is statutory and it is unnecessary to set it out.

Upon application of plaintiffs herein, the court by order, required defendants to file an additional replevin bond naming R. W. Wilson Motor Company as obligee therein, on or before March 30, 1922, or to return to defendants therein the property replevined. Plaintiffs therein, by their attorneys, declined and refused to file such additional replevin bond, on the ground that the court had no jurisdiction to make an order requiring such addition and that the bond already given was sufficient. Plaintiffs expressly waived the time given for the filing of the additional bond required in the order and asked the court to proceed as though the time for giving same had expired. Defendants therein asked and were granted leave to amend their several answers by interlineation, asking $4,000 for the taking and detention of the property. Defendants then asked the court to proceed to require the return of the property and to assess defendant's damages, and to dismiss the action at the costs of plaintiffs, as provided in section 2079 Revised Statutes 1919. The court declined to assess the damages for the taking and detention of the property but ordered and adjudged that, in view of the refusal of plaintiffs to comply with the order of court requiring additional bond, that the sheriff forthwith retake the property replevined and deliver same to defendants, and that plaintiffs take nothing by their writ; that the cause be dismissed; that defendants go hence without day and have and recover from plaintiffs and the United States Fidelity & Guaranty Company, their surety on the replevin bond, the costs of the suit. Thereafter, as above indicated, this suit was instituted to recover damages done to the trucks while they were being returned under the writ of replevin.

The petition alleges the formal facts above related and prays judgment in the sum of $4580 and costs. The defendants each filed separate answer in the form of general denials. Plaintiffs filed an amended petition naming R. W. Wilson Motor Company, R. W. Wilson, H. B. Boyd, and O. H. Earnest, trustees of said R. W. Wilson Motor Company, and R. W. Wilson individually, as plaintiffs and J. G. Hoover and C. A. Hoover, doing business as Hoover Bros. Construction Company and the United States Fidelity & Guaranty Company as defendants. The said defendants each filed separate demurrer upon the grounds (1) that the petition does not state facts

sufficient to constitute a cause of action; (2) there was a defect of parties pleaded, (3) that both parties pleaded were not necessary parties to a complete determination of the action, and (4) that R. W. Wilson was not a necessary party to the action. The demurrers were overruled, and on April 8, 1925, defendants filed their petition for review and to set aside the judgment. Plaintiffs filed a timely demurrer to the petition for review.

Thereupon, on May 14, 1925, the parties entered into the following stipulation:

"First: That the default judgment rendered in this court for plaintiffs on March 6, 1925, be set aside and for naught held.

"Second: That plaintiffs be permitted to amend their first amended petition by interlineation increasing their allegations of damages $750 and asking for six per cent interest from date of commencement of this suit, and that defendants be permitted to forthwith file answers to plaintiffs' first amended petition and plaintiffs file reply thereto.

"Third: That this cause be thereupon removed from Division No. 9 of this court to Division No. 4 of this court, a jury waived and the cause submitted to the court for trial in the following manner, to-wit:

"(a) All the pleadings, replevin bond, motions and record entries and proceedings in the original replevin suit, same being number 157185 on the docket of the circuit court of Jackson county, Missouri, shall be considered in evidence.

"(b) The court shall try and determine the issue of *res adjudicata* and of plaintiffs' right to sue on the replevin bond raised by the pleadings applicable to this evidence, and if the decision be for plaintiffs, shall render judgment against the defendants on the replevin bond, awarding damages to plaintiffs for the amount sued for and costs as prayed in the amended petition; and if the decision be in favor of defendants on these issues, the court shall render judgment in favor of defendants and for costs.

"Fourth: The losing parties in the trial court shall have the right of appeal from the court's judgment as in ordinary cases.

"Fifth: This stipulation shall govern in the trial of this cause as herein provided, but shall not be binding upon the parties hereto upon a subsequent trial after appeal thereof, if any."

The cause was tried by the court in accordance with the terms of said stipulation. Judgment was for plaintiffs in the sum of $5330, principal, and interest thereon in the sum of $1028.69, a total of $6358.69, together with costs.

Motions for a new trial and in arrest were overruled and defendants have appealed.

It is urged that the giving of declarations of law Nos. 2 and 3 for plaintiff was error. These declarations are as follows:

(2) "The court declares the law to be that the obligees named in the replevin bond being 'R. W. Wilson, doing business as R. W. Wilson Motor Company,' it conclusively appears from said bond that the R. W. Wilson Motor Company was intended to be the obligee thereof, though misdescribed as an individual or trade name, instead of a corporation, and the court further declares the law to be that the R. W. Wilson Motor Company, as a corporation would have a common-law right of action on said bond, for damages to its property pending the replevin suit, inflicted by Hoover Brothers."

(3) "The court declares the law to be that the bond being payable to R. W. Wilson by name, and he being the president and agent of the corporation, the R. W. Wilson Motor Company the latter (was) as principal have a right of action on the bond for damages done to its property while in the custody of the plaintiffs in the replevin suit under the writ of replevin."

In support of this position appellants argue that the bond ran to R. W. Wilson as defendant in the case. We are unable to grasp the force of this argument, in view of the language of the bond, to-wit: ". . . are bound to R. W. Wilson, doing business as R. W. Wilson Motor Company."

The record shows that the R. W. Wilson Motor Company forfeited its charter prior to the bringing of this action; and the issue is raised as to whether or not a dissolved corporation can maintain an action in its own name, or whether a petition in such case may be amended in the name of its officers and directors. It is the contention of appellants that such amendment cannot be made in the name of its officers and directors. Discussing the right of an undisclosed principal to sue on a contract payable to its agent, it is said in 30 Cyc., pp. 53, 54:

"In theory this worked no modification of the rule that only a party to a contract can sue for its breach; for the undisclosed principal was deemed, in point of law, to be a party to the contract. In substantial effect it signified the partial adoption, in common-law procedure, of the modern principle of the real party in interest."

This is the rule followed in this State, as expressed in Wilson Company v. Insurance Co., 300 Mo. 1, 40, wherein it is said:

"Under the policy of insurance, the relation created between the respondent and the appellant was contractual, the president of the Exchange and the Exchange itself being named therein solely for convenience. Losses incurred, while nominally payable to the president, were for the benefit of the respondent. The right of the latter to sue in the event of loss, with or without joining either the

president or the Exchange, therefore, although the respondent was not named in the contract, is within the power conferred by the statute.''

To the same effect is the ruling in Kelly v. Thuey, 143 Mo. 422; State ex rel. v. O'Neill, 74 Mo. App. 134. And it is further said in the Wilson Company case, after citing various Missouri decisions:

''The ruling in these cases is to the effect; that 'a contract made between two parties, based upon a valid consideration, may be enforced by third parties when entered into for their benefit and that is true, though such parties are not named in the contract.' On the merits we hold that the respondent was the real party in interest and authorized to institute this action.'' [See, also, Elders v. Land Company, 257 S. W. 515.]

It is noted from the petition herein as well as the amended answer, that the R. W. Wilson Motor Company was dissolved as a corporation, after bringing of the replevin suit. . The petition fixes the year of such dissolution as 1923, while the amended answer puts the time as 1922. It is not disputed that at the time of its dissolution, R. W. Wilson and the other individuals named in the amended petition constituted the president and board of directors thereof. Sections 9755 and 9816. Revised Statutes 1919 provide that such officers become the statutory trustees of the corporation upon its dissolution or forfeiture; and they are thereby empowered to settle the affairs and collect the outstanding debts and divide the money and property, after paying the debts due and owing by such corporation.

While it is true the bond ran to ''R. W. Wilson, doing business as R. W. Wilson Motor Company,'' yet the pleadings and evidence were such as to support the court in its declaration No. 2, to the effect that ''it conclusively appears from said bond that the R. W. Wilson Motor Company was intended to be the obligee thereof, though misdescribed as an individual or trade name, instead of a corporation. . . .'' In this state of fact the statutes cited seem to determine the suit was properly brought by the trustees. This ruling is amply supported by the citations just named, and carries with it an adverse ruling as to defendants' charge of error against declaration of law No. 3. Defendants' citations are found, on examination, not to support a contrary rule.

It is urged that the order in the replevin suit for the return of the property to defendants and for dismissal of the replevin suit on the refusal of plaintiffs to file the additional bond required, constituted a final judgment and is *res adjudicata*. We think this position untenable. Section 2079, Revised Statutes 1919 is applicable to this situation:

"If the court should, at any time before trial, be satisfied that the bond of the plaintiff shall not be good and sufficient, an order shall be made that the plaintiff give a new bond, with good and sufficient sureties, within such time as the court in such order shall direct; and upon his failing to comply with such order, the court shall make a further order that the sheriff or other proper officer retake the property and deliver it to the defendant, and that the plaintiff deliver the same to the officer therefor, and that the cause be dismissed at the costs of the plaintiff and his sureties in the bond."

This provision makes it mandatory on the court empowered by the act to visit punishment on the plaintiffs in a replevin suit for refusal to comply with the court's order to furnish additional bond, (1) by taking the property out of the custody of plaintiffs and restoring it to the defendants, and (2) dismissing plaintiffs' action at their cost. The act gives the court no power to do anything else. It does not provide for the empaneling of a jury to assess the value of the property or the damages, nor does it empower the court to do this.

Section 2080, Revised Statutes 1919, applies to a forthcoming bond by a defendant in a replevin suit which, if found insufficient by the court and an order is made for an additional bond and the defendant refuses to furnish such bond, the court (a) shall order restitution of the property, (b) that the defendant's answer or other pleading be stricken out, and (c) shall render such judgment for the plaintiff as the court may by law render against the defendant and his sureties. It is manifest this section does not apply to the situation here presented where plaintiffs refused to furnish additional bond.

Section 2082 describes the procedure where the plaintiff has possession of the property and fails to prosecute his suit and the defendant in his answer claims the property and demands return thereof, the court or a jury may assess the value of the property taken, and the damages for taking and detaining the same for the time such property was taken or detained from defendant until the day of the trial of the cause. Section 2083 provides, in such case, for a summary judgment against the plaintiff and his sureties on the replevin bond, and gives the defendant his election to take the property or its assessed value. It is obvious this provision is different from that contained in section 2079 where the action of the court is not intended to be decisive of property rights, or value, nor of damages sustained by the defendant. In the application of section 2079 these matters are left to be determined in another action.

Section 2085 provides the procedure where the defendant fails in his defense. In such case the statute provides for the assessment of damages, value of the property and summary judgment for the plaintiff against the principal and sureties on the replevin bond.

Section 2090 makes the following provisions:

"If in any case it shall become necessary to sue upon any bond given in virtue of this article, the same may be done by civil action against the obligors, jointly or severally, in the name of the party to whom the bond was given."

In the case of Morrison v. Yancey, 23 Mo. App. 670, 673, it is held:

"It was the plaintiff who by his own action prevented an assessment of damages in the replevin suit and he is estopped from asserting that the non-assessment of damages in that suit is a bar to the present action." [See, also, Huttig-McDermid O. Co. v. Shirt Co., 140 Mo. App. 374; Wooldridge v. Quinn. 49 Mo. 425; Waterman v. Frank, 21 Mo. 108.]

We therefore hold that plaintiffs, in the replevin suit, in refusing to give additional bond on order of the court, and thus having prevented defendants from having damages assessed, are estopped from asserting that such non-assessment of damages in the replevin suit is a bar to the present action. We find nothing in defendant's citations contrary to this ruling. What we have already said rules against defendants' contention that it was error for the court to say in declaration No. 3, that the bond being payable to R. W. Wilson by name, he being president and agent of the corporation, the corporation would have a right of action on the bond for damages done to its property, while in the custody of plaintiffs in the replevin suit. We have already decided against defendants' contention that the statutory trustees of a dissolved corporation are without right to maintain an action in this behalf. As above stated, sections 9755 and 9816, Revised Statutes 1919, provide that the officers of a dissolved corporation become the statutory trustees thereof and may maintain any suit which the corporation could have maintained but for its dissolution. This ruling goes to the question of misjoinder of parties which defendants assert, and determines that issue against defendants.

We find no reversible error of record and the judgment is accordingly affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.