SALLIE NUDELMAN, RESPONDENT, v. THIMBLES, INC., A CORPORATION, AND J. M. FISHMAN, ROBERT SCISSORS, AND BESS SCHNEIDER, AS LAST BOARD OF DIRECTORS AND AS TRUSTEES OF THIMBLES, INC., APPELLANTS.—40 S. W. (2d) 475.

St. Louis Court of Appeals. Opinion filed July 7, 1931.

*Carter, Jones & Turney* for appellants.

*Fred Berthold* and *Edward K. Schwartz* for respondent.

BENNICK, C.—This is an action for damages for personal injuries alleged to have been sustained by plaintiff on December 29, 1925, while she was in the act of stepping out of an elevator on the premises occupied by Thimbles, Inc., a mercantile establishment, located at 714-16 Washington avenue, in the city of St. Louis.

According to plaintiff's evidence, she, in company with her daughter and her niece, had visited Thimbles, Inc., on the afternoon in question for the purpose of purchasing a dress; and after she had completed her shopping on one of the upper floors, she boarded an elevator to descend to the main floor. As the elevator approached the main floor, it seems that the operator was unable to bring it to a stop at the proper point, but instead allowed it to descend some eight or nine inches below the floor level. Notwithstanding the position of the elevator, the operator opened the door, whereupon plaintiff, thinking that she was expected to leave the elevator, started to step out of it upon the main floor. Just as she did so, the operator started the elevator upward, in consequence of which plaintiff was caused to lose her balance, and fall out upon the floor, sustaining the injuries for which she has sued.

The present action was instituted by plaintiff on February 9, 1926, by the filing of a petition in which Thimbles, Inc., was designated as the sole defendant. In view of the fact that the sufficiency of the proof of negligence is not questioned on this appeal, the theory of the negligence pleaded, either in the original, or in the amended, petition, is no longer of any consequence.

Thereafter, on January 13, 1927, Thimbles, Inc., was adjudged a bankrupt; a trustee in bankruptcy was appointed on February 7, 1927; and on January 28, 1929, the trustee was discharged. Meanwhile, on January 1, 1928, the Secretary of State had forfeited the charter of the company, on account of its failure to have complied with certain provisions of the law relating to the duties of corporations.

On October 9, 1929, following the forfeiture of the company's charter, plaintiff filed an amended petition, in which she joined J. M. Fishman, Robert Scissors, and Bess Schneider, as parties defendant, along with Thimbles, Inc., the original defendant. The

three individual defendants thus named had constituted the last board of directors of the company, and plaintiff's theory was that under section 4561, Revised Statutes 1929, upon the dissolution of the corporation, they became subject to be sued as its trustees.

On the same day, defendants filed their motion to strike out the amended petition, upon the ground that it set up a different and distinct cause of action from that embodied in the original petition, and that it substituted new parties against whom a separate and distinct relief was prayed. Such motion was overruled by the court, and defendants' exception to the order has been attempted to be preserved by a term bill of exceptions duly allowed and filed.

In due course the case came on for trial on the merits, defendants having meanwhile answered by a general denial; and at the close of plaintiff's case, the court, at the instance of defendant Thimbles, Inc.; gave a peremptory instruction in the nature of a demurrer to the evidence, whereupon plaintiff took an involuntary nonsuit as to such defendant, with leave to move to set the same aside. The trial proceeded as to the individual defendants, resulting in a verdict in favor of plaintiff, and against those defendants, in the sum of $7,500. Judgment was thereupon rendered in conformity with the verdict, and dismissing plaintiff's cause of action as to the corporate defendant; and following the overruling of their motion for a new trial, the defendants have duly appealed.

For their first point, defendants argue that their motion to strike out plaintiff's amended petition should have been sustained for the reasons assigned therein, namely, that the amended petition set up a different cause of action from that pleaded in the original petition, and that it substituted new parties against whom a separate and distinct relief was prayed. Otherwise stated, their point is that the original petition stated a cause of action against the corporate entity then in existence, calling for the rendition of a general judgment to be satisfied out of any property in its possession, while the amended petition prayed for a special judgment against the individual defendants in their capacities of statutory trustees, the same to be satisfied only out of property of the corporation that came into their hands as such trustees.

This point is of no avail to defendants. In the first place, after their motion to strike was overruled, they answered over, and went to trial on the merits; and therefore, even if it should be conceded for argument's sake that there was a departure, they waived the same, notwithstanding the fact that they had excepted to the court's adverse ruling, and had attempted to preserve their exception in a term bill of exceptions. [Liese v. Meyer, 143 Mo. 547, 45 S. W. 282; Schroeder v. Edwards, 267 Mo. 459, 184 S. W. 108; Tucker v. Hagan (Mo. App.), 300 S. W. 301.]

But aside from such technical rule of procedure, the court was entirely correct in allowing the filing of the amended petition, and the joinder of the new parties defendant. Section 4561, Revised Statutes 1929, expressly provides for the winding up of the affairs of a defunct corporation by those who are designated therein as its trustees; and consequently, upon the dissolution of the corporation, the continuance of a pending action to which it is a party is to be secured by the substitution of the statutory trustees as parties thereto. Thus defendants had no cause for complaint about the court's ruling in the first instance, and their motion to strike out the amended petition was properly denied. [McCoy v. Farmer, 65 Mo. 244; R. W. Wilson Motor Co. v. Hoover, 222 Mo. App. 570, 293 S. W. 61, 14a C. J. 1174; 1 C. J. 136.]

Next, defendants argue that their requested peremptory instruction in the nature of a demurrer to all the evidence should have been given, and the reasons they suggest in support of their point bring forward some novel and interesting questions for decision. They insist, first, that the particular cause of action, the same being in tort, abated when the corporation passed out of existence by forfeiture of its charter; second, that plaintiff's claim of unliquidated damages is not such a one as is enforceable against the trustees of the defunct corporation within the contemplation of section 4561, Revised Statutes 1929; and third, that there was no evidence that any assets of the corporation came into the hands of the trustees, without proof of which plaintiff's cause of action must fail.

This being an action brought by an injured party for personal injuries received at the hands of the corporation, the same will not be held to have abated by reason of the forfeiture of the company's charter, treating the same as analogous to civil death, unless for any reason the provisions of section 3280, Revised Statutes 1929, are inapplicable. So much of that section as concerns this case provides, in substance, that such a cause of action as is involved herein shall not abate by reason of the death of the person against whom such cause of action shall have accrued, but that it shall survive against the person, receiver, or corporation liable for such injuries, and his legal representatives.

Defendants argue that even under the statute, actions *ex delicto* abate with the death of the party as to all except legal representatives; that the term, "legal representatives," has a technical meaning, and includes only executors and administrators, and therefore does not include the defendants herein as the last board of directors of the defunct corporate defendant; that the trustees provided for by sections 4561, 4622, Revised Statutes 1929, being creatures of statute, have a specific and limited status; and that the context of section 3280, Revised Statutes 1929, warrants no conclusion other

than that the term, "legal representatives," was not used in such a sense as to include the defendants herein, in view of which this action must be held to have abated when the corporate entity ceased to exist.

We concede that in legal usage, the term, "legal representatives," ordinarily refers to executors and administrators, but that is not the only sense in which it may be employed. To the contrary, the meaning to be attached to the term in a particular instance will be determined from the context, and the intent with which the expression is used, and if those considerations are such as to indicate a meaning different from the ordinary one, the courts will not hesitate so to construe it. [36 C. J. 978.]

In the broadest sense, a legal representative is one who, by operation of law, stands in the place of, and represents the interests of, another. [36 C. J. 977.] Now there is no doubt, as we read it, that section 3280, Revised Statutes 1929, contemplates the survival of an action for personal injuries, brought by the party injured, against the legal representatives of a corporation after its dissolution. But who are the legal representatives of a defunct corporation? Certainly the Legislature did not intend to restrict the meaning of the term solely to executors and administrators, for a defunct corporation has no executors or administrators. Consequently, we must look elsewhere in the statutes for the identification of the parties called upon to wind up the affairs of a corporation after its dissolution, or the forfeiture of its charter; and by reference to sections 4561, 4622, Revised Statutes 1929, we find that that duty devolves upon the officers and directors, by whatever name they may be known. They represent the defunct corporation, and they do so by operation of law. Therefore they are its legal representatives; and so far as concerns the question of the application of section 3280, Revised Statutes 1929, to the case at hand, we are fully persuaded that the action did not abate with the forfeiture of the company's charter, but that it survived against the defendants herein, as the statutory trustees and legal representatives of the company.

The contention that plaintiff's claim of unliquidated damages is not such a one as is enforceable against the trustees of the defunct corporation, is based upon the idea that the same is not a "debt" within the meaning of the statutes. It is perhaps true that the term, "debt," is most often used in the sense of a liquidated demand, or as an obligation arising out of contract; but as used in sections 4561, 4622, Revised Statutes 1929, we do not believe that it is to be given such a limited and restricted meaning. It is significant that the several statutes relating to the discharge of the obligations of a corporation about to go out of existence contemplate the payment of all its debts, claims, or bills; and sections 4561, 4622, Revised Statutes

1929, are the statutes that are designed to afford protection to the creditors of a corporation, within the meaning of such other statutes. In other words, the Legislature has provided that the dissolution of the corporate entity shall not work a discharge of any debts, claims, or bills outstanding against it at the time of its dissolution, but has made it possible for the creditors of the corporation to look to the statutory trustees for the payment of the same, to the extent of the property and effects of the corporation that shall have passed into their hands. [Hect Brothers Clothing Co. v. Walker (Mo. App.), 35 S. W. (2d) 372, 377.]

Furthermore, not only do the particular statutes refer to the collection and payment of debts, but they also invest the trustees with the very general power to settle the affairs of the defunct corporation. This would seem to indicate that it was the legislative intent for the corporate property to be held and administered upon by the trustees for the settlement of all existing, enforceable claims against it, whether such claims were "debts" in the strict legal sense of the term, or not. Consequently, when statutes drawn in language similar to our own are broadly construed, as the courts hold they should be, they are regarded and interpreted as including within their scope and purview a liability, even after dissolution or forfeiture of charter, for torts committed prior thereto, at least in jurisdictions such as our own where actions *ex delicto* survive the death of the tortfeasor. [Marstaller v. Mills, 143 N. Y. 398, 38 N. E. 370; Hould v. John P. Squire & Co., 81 N. J. L. 103, 79 Atl. 282; Lynchburg Colliery Co. v. Gauley & E. Ry. Co., 92 W. Va. 144, 114 S. E. 462; 14a C. J. 1159, 1191, 1202.]

Nor, so far as concerns plaintiff's right to have had her case submitted to the jury, do we think it was material whether or not she proved that assets of the defunct corporation passed into the hands of its trustees, though if such a degree of proof was required of her, we are inclined to the view that she successfully bore her burden by introducing evidence of the existence of a policy of insurance covering the company's liability on the claim in suit. Sections 4561, 4622, Revised Statutes 1929, providing for the winding up of the affairs of a corporation by its trustees, simply have the effect of abrogating the rule of the common law that all debts due to and from a corporation are extinguished by its dissolution, and instead operate to transfer the right of action either to or against the statutory trustees as the case may be. Whether or not assets have passed to the trustees does not affect the merits of the plaintitff's claim, and that question becomes important only when satisfaction of the judgment is attempted, for the statutes provide that the trustees shall be liable only to the extent of the property and effects of the corporation that shall have come into their hands. In other words,

the trustees are sued in their representative, and not in their individual, capacities; no personal judgment is to be entered against them; and therefore there is no occasion for exacting a greater degree of proof from the creditor in an action against the trustees than would have been necessary in the event that the action had proceeded against the corporation itself.

Our conclusion is, therefore, that defendants' requested peremptory instruction in the nature of a demurrer to all the evidence was properly refused.

Other assignments of error which have been preserved in the course of the brief go to the propriety of the allowance of secondary evidence of the existence of the policy of liability or indemnity insurance. In view of our conclusion that there was no necessity for plaintiff to prove in the first instance that assets of the corporation passed into the hands of its trustees, the whole question of the proof of the existence and nature of the policy of insurance becomes immaterial to the merits of the action at this stage of the proceedings where only the procurement, and not the satisfaction, of the judgment is sought.

For the reasons stated, the judgment rendered by the circuit court should be affirmed; and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.