**MERCANTILE TRUST CO., NATIONAL ASSOCIATION, et al., Respondents,**

v.

**John C. MOSBY, III, et al., Appellants.**

No. 43766.

Missouri Court of Appeals, Eastern District, Division Three.

July 14, 1981.

Lawrence J. Permuter, Klamen & Danna, Clayton, for appellants.

J. Dennis O'Leary, Dan H. Ball, St. Louis, for respondents.

REINHARD, Judge.

Plaintiff Mercantile Bank filed this action as executor of the estate of John B. Gury, III. The petition alleged that Gury and defendant had incurred certain common liabilities, which were ultimately paid in full by Gury's estate. The petition prayed for contribution from defendant for defendant's share of the liability. Plaintiff moved for summary judgment. The motion was granted, defendant appeals, and we affirm.

Specifically, Count I of plaintiff's petition alleged that Gury, defendant, and others signed as co-guarantors on a promissory note made by Arrowhead Airport Corporation, that Arrowhead defaulted on the note, and that the holder of the note sought and received payment from the estate of Gury. Count II alleged that Gury, defendant, and another signed leases as co-lessees, that a claim for payments under the leases was made by the assignee of the lessor against the estate of Gury, and that the estate paid the claim. Count III alleged that Gury and defendant executed a promissory note as co-makers, that the holder of the note made demand for payment, and that the estate of Gury paid the note. Each count prayed for a judgment against defendant in the amount of his proportionate share of the

amounts paid by the estate. Defendant answered, pleading a setoff of a $50,000 debt which the corporation owed him. He also counterclaimed against the corporate executor alleging negligent acts on its part. The counterclaim was separated for trial.

Plaintiff moved for summary judgment under Rule 74.04. Plaintiff submitted the affidavit of its vice president which set forth the facts substantiating each of plaintiff's allegations. Plaintiff also submitted, as exhibits, copies of the guaranty form, the leases, and the promissory note, all of which were signed by defendant. Defendant filed a counter affidavit, but did not dispute the facts set forth in plaintiff's affidavit. Hence, the facts in plaintiff's affidavit are deemed admitted. Rule 74.04(e).

Defendant's affidavit established the following facts which were alleged in his answer. They were not disputed by plaintiff and are therefore admitted. Defendant loaned Arrowhead Airport Corporation $50,000 on January 1, 1973, and received the corporation's note, payable July 1, 1973. Demand was made when the note came due but the note was not paid. The corporation forfeited its charter on January 1, 1975 for nonpayment of franchise taxes. At that time, John B. Gury, III was one of the officers and directors of the corporation.

■ Defendant contends granting summary judgment was error because a genuine issue of material fact remained. Certainly summary judgment should not be granted if there remains a genuine issue of material fact. *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 27 (Mo.App.1978). But, just as certainly, no such issue of fact was presented here because each side fully admitted the facts in the other's affidavits.

It then becomes a question of law as to whether defendant can set off his claim against the estate's claim. He cannot. The estate's claim for contribution was a personal claim of Gury.

■ Under § 351.525, RSMo 1969, upon forfeiture for nonpayment of franchise taxes, the officers and directors of the corporation become trustees and are liable to the creditors of the corporation to the extent of the corporate property and effects which come into their hands.

■ Although Gury became a trustee under § 351.525, RSMo 1969, his liability to the defendant creditor of the corporation was not personal. No personal judgment could have been entered against him. *Nudelman v. Thimbles*, 225 Mo.App. 553, 40 S.W.2d 475, 478 (1931). Any claim against him as such is brought against him in his representative capacity. *Id.*

■ The general rule is "to warrant a setoff, the demands must be mutual and subsisting between the same parties and must be due in the same capacity or right." *Dalton v. Sturdivant Bank*, 230 Mo.App. 800, 76 S.W.2d 425, 426 (1934). Under this rule, defendant cannot use a debt owed him by Gury in his representative capacity as a setoff against Gury's personal claim against defendant. Defendant has not so much as attempted to show a reason why this rule should not be applied.

The court properly determined as a matter of law the plaintiff was entitled to summary judgment.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.