Larry **RATTNER**, Plaintiff-Appellant,

v.

Sandra **NATIONS**, and Sandra Nations as Trustee for Creve Coeur Horse Ranch, Inc., Defendant-Respondent.

No. 51358.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 22, 1987.

---

Donna Aronoff Smith, Robert S. Adler, St. Louis, for plaintiff-appellant.

Harvey I. Feldman, St. Louis, for defendant-respondent.

KELLY, Presiding Judge.

Larry Rattner appeals from the judgment of the trial court sustaining respondent Sandra J. Nations' motion to set aside a default judgment pursuant to Rule 74.32 and reinstating the cause for further proceedings. An order under Rule 74.32 setting aside a judgment for irregularity is appealable. *ABC Fireproof Warehouse Co. v. Clemans*, 658 S.W.2d 28, 30 n. 1[1] (Mo. banc 1983). We affirm.

Rattner filed his petition in September 1984 seeking damages for negligence in count one and for deceptive business practices in violation of the Missouri Merchandising Practices Act, Chapter 407 RSMo 1978 (now 1986) in count two. Rattner sued respondent as "Sandra J. Nations and Sandra J. Nations as an ongoing business and as trustee for Creve Coeur Horse Ranch, Inc., a Missouri corporation not in good standing and d/b/a Creve Coeur Stables" for injuries he had received in a horseback riding accident on June 7, 1983, at respondent's premises.

In count one of his petition Rattner alleged that Creve Coeur Horse Ranch, Inc. is a Missouri corporation not in good standing after forfeiting its corporate charter on February 9, 1984. He also alleged that "Sandra J. Nations is the officer and/or member of the last board of directors of Creve Coeur Horse Ranch, Inc. and pursuant to Missouri law is the trustee for said corporation which is not in good standing." Rattner further averred that "defendants were negligent in failing to properly secure" the saddle on the horse he was riding causing him to fall from the horse.

In count two Rattner alleged that "[d]efendants by misrepresentation and concealment held themselves out to be a well respected and highly respectable stable known as Creve Coeur Stables, but that, in fact, defendants have no relationship to Creve Coeur Stables." He claimed their misrepresentations violated the Merchandising Practices Act, Chapter 407 RSMo 1978 (now 1986). Neither count of the petition contained a specific allegation to separate either the negligence charge or the violation of the Merchandising Practices Act of Sandra J. Nations individually from that of Sandra J. Nations as statutory trustee for a corporation in forfeiture.

Service was made on "Sandra J. Nations" on October 2, 1984. Nothing in the return reflected in what capacity she was served. Despite service on her, respondent failed to answer or appear.

On January 30, 1985, an evidentiary hearing was held. Rattner testified that on the date of the accident he was with two others and a guide. The guide saddled their horses for them. When asked whether anything unusual occurred while the horses were being saddled, Rattner responded: "When we paid our fee, the owner appeared to be in a very—very much of a hurry and rushed the young lady we gave our money to, and tried to hasten the whole situation by telling the girl not to ask—answer any of our questions and 'just get them on the horses'." He further added that during their ride, his saddle started to slip off, causing him to fall. He fractured two bones in his wrist and hurt his shoulder. An exhibit showed $921.90 in medical expenses.

He also testified that when he went to appellant's business he was under the impression it was called Creve Coeur Stables. He had heard of Creve Coeur Stables' reputation and relied on that in going horseback riding there. He added that he subsequently learned the stable was, in fact, Creve Coeur Horse Ranch, Inc., not Creve Coeur Stables, and that had he known otherwise, he would not have gone riding there.

His testimony included an exhibit of a release resembling the one he had signed when he went to the stables, and evidence that Creve Coeur Horse Ranch, Inc., accepted a coupon issued by Creve Coeur Stables. A document reporting the corporate status of Creve Coeur Horse Ranch, Inc. was also marked.

After the hearing, the trial court rendered a final default judgment in favor of Rattner and against "Defendant, Sandra J. Nations, individually and as Trustee for Creve Coeur Horse Ranch, Inc., a Missouri corporation not in good standing on Count I [negligence] for $10,000 and costs ...," and on Count II for $1,000 actual damages, $10,000 punitive damages, $270.00 attorney's fees and costs." The total amount of the default was $21,270.00 plus costs.

On July 3, 1985, Sandra Nations filed a combined motion to set aside the default judgment and writ of error coram nobis. On August 9, 1985, Rattner's request for execution and garnishment on the default judgment issued. While Rattner states the request was made for execution "on the accounts of Sandra J. Nations or Creve Coeur Horse Ranch, Inc.", nothing in the record before us or in the minutes of the trial court's proceedings discloses whether the execution was to be had on the personal assets of Sandra J. Nations or on the assets of the corporation in her hands as a statutory trustee. On December 13, 1985, Sandra Nations filed a "First Amended Combined Motion to Set Aside Default Judgment for Irregularities Pursuant to Rule 74.32 and for Writ of Error Coram Nobis."

Her motion stated that she is the "individual owner and principal operator" of the ranch, "formerly a Missouri corporation." She admitted that she was served "individually" but maintained she forwarded the "suit" to her liability insurance company for "defense" and "thereafter heard nothing from the insurance company or plaintiff's attorney". She acknowledged that a hearing was held on January 30, 1985, when the default judgment was entered. She alleged that the default judgment was

"defective and unlawful" by reason of "irregularities".

The alleged irregularities in the judgment entered against her included the absence of any allegations of any conduct on her part as an individual giving rise to individual liability, an irregularity patent on the face of the judgment. She contended her liability, if any, was limited to the extent any property or effects of the corporation had come into her hands pursuant to § 351.525 RSMo 1986 as the last known officer and director of a corporation which had forfeited its charter.

She also attacked the judgment against her on count two which alleged misrepresentations and fraudulent business practices as statutory violations of the Missouri Merchandising Practices Act. Highlighting Rattner's testimony from the default hearing, she argued that the evidence presented totally failed to support the pleadings. She concluded the judgment against her on count two was also patently irregular because of this failure of proof.

On February 21, 1986, the trial court sustained her motion to set aside the default for "various irregularities, including statutes that do not exist or support the judgment entered." Following the trial court's decision, Rattner filed this appeal.

Rattner raises two issues on appeal challenging the propriety of the trial court's action in setting aside the default judgment pursuant to Rule 74.32. He first contends the motion to set aside was deficient because respondent failed to allege or sustain her burden of proof of any irregularities in the default judgment within the purview of Rule 74.32 to warrant setting the default aside. His second point focuses on the failure of respondent to plead or prove that she had exercised reasonable diligence regarding appellant's petition or that she had a meritorious defense to the claims appellant had asserted.

In response, Nations reiterates her earlier argument that, because the corporation was in forfeiture when the default judgment was taken, § 351.525(4) RSMo 1986 applied. Under this section, when a corporation's rights and privileges have been forfeited, the directors and officers in office at that time shall be jointly and severally responsible to its creditors to the extent of the corporate assets. Respondent maintains since the statute confers no right to sue the directors or officers in their individual capacity, she could not, as statutory trustee of the forfeited corporation, be adjudged individually liable for the corporation's negligence. Therefore, she individually was not a proper party defendant, an irregularity patent on the face of the record.

She also renews her position that the total absence of fraudulent business practices in appellant's pleading and in his evidence on count two for violation of the Missouri Merchandising Practices Act is also an irregularity patent on the face of the record properly set aside under Rule 74.32.

■ Rule 74.32 provides that "[j]udgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof." Rule 74.32 provides only a very narrow remedy. *Kingsley v. Kingsley,* 716 S.W.2d 257, 259 (Mo. banc 1986). The irregularity must render the judgment contrary to a proper result; it must be patent on the record and must not depend on proof beyond the record. *Barney v. Suggs,* 688 S.W.2d 356, 358–59[4] (Mo. banc 1985). The irregularity must indicate that the judgment was materially contrary to an established form and mode of procedure for the orderly administration of justice. *Id.* [5]. Rule 74.32 only reaches procedural errors that if known would have prevented the entry of the judgment; irregularities are not ordinarily judicial errors in a judgment that are reached through proper procedures and the motion does not allow review of judicial errors committed in the rendering of a judgment. *Id.* [6].

■ An irregularity under Rule 74.32 is a want of adherence to some prescribed rule or mode of proceeding and it consists either in omitting to do something that is necessary for the due and orderly conduct

of a suit, or doing it in an unseasonable time, or improper manner. *Sprung v. Negwer Materials, Inc.,* 727 S.W.2d 883, 885 (Mo. banc 1987); *Barney v. Suggs,* 688 S.W.2d at 359; *Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132, 138 (1952).

Finally, it has often been stated that the action of the trial court in sustaining or overruling a motion to set aside a default judgment is within its sound discretion. *Whitledge v. Anderson Air Activities,* 276 S.W.2d 114, 116 (Mo.1955). An appellate court is less inclined to interfere with the action of the trial court when a default judgment is set aside than when it is not. This is because the case is reopened and justice will be done on a trial on the merits when the default is set aside. *Whitledge,* 276 S.W.2d at 116; *First Missouri Bank of St. Francois County v. Patterson,* 696 S.W.2d 800 (Mo.App.1985).

Against this legal backdrop, our most circumspect scrutiny of the entire record on appeal persuades us that the entry of a default judgment against Sandra J. Nations "individually" is an irregularity patent on the record, not dependent on proof beyond the record.

We agree with respondent that § 351.525 RSMo 1986 ordinarily precludes individual liability of statutory trustees when sued in their representative capacity. Section 351.-525 RSMo 1986 provides that the corporate rights and privileges of a corporation shall be forfeited for certain failures to comply with the corporation law. When forfeited, the "directors and officers in office when the forfeiture occurs shall be the trustees of the corporation"; and the "trustees ... may be sued *as such;* and the trustees shall be jointly and severally responsible to the creditors ... *to the extent of its property and effects that shall have come into their hands.*" (emphasis added).

Section 351.525 requires that a statutory trustee "be sued *as such*". Under this statute the trustee is liable only to the extent that she has property or assets which come into her hands as a trustee. The trustee is sued in a representative capacity and "no personal judgment is to be entered against [him]." *Nudelman v.*

*Thimbles,* 225 Mo.App. 553, 40 S.W.2d 475, 478 (1931). Merely being an officer or director of a corporation does not make such director individually responsible. In the absence of allegations or proof of individual liability, "any claim against [a trustee] is brought against him in his representative capacity." *Mercantile Trust Co., Nat. Ass'n. v. Mosby,* 623 S.W.2d 22, 24 (Mo.App.1981).

In this case, Sandra J. Nations was sued not only in her representative capacity, but also individually. An individual who is also a statutory trustee of a forfeited corporation may be held personally liable for a positive act or wrong committed in the course of one's duties as an agent of a corporation. *Boyd v. Wimes,* 664 S.W.2d 596, 598 (Mo.App.1984). Nevertheless, to be personally responsible the director or statutory trustee must be under a duty not to do wrong, and must have done something wrong or participated in the wrong. *Patzman v. Howey,* 340 Mo. 11, 100 S.W.2d 851 (1936); annot., 25 ALR 3d 941 (1969). Thus, no judgment may be entered against a statutory trustee personally unless there are grounds either in the allegations or evidence showing personal responsibility.

Count one of the petition averred that "*defendants* ... provided their customers with use of their horses with appropriate riding gear and assistance"; and that "*defendants* were negligent in failing to properly secure [the] saddle" which slipped, causing Rattner's fall and subsequent injuries. (emphasis ours). These general allegations appear to be directed against respondent Nations both in her individual capacity as well as in her capacity as statutory trustee for the forfeited corporation. We observe, however, that the petition did not allege that Sandra Nations was an employee of the corporation; it did not allege any personal duty on her part as an individual toward the plaintiff; and it did not allege that while acting in the course of her employment, she was personally negligent in failing to "secure said saddle."

■ Despite the general allegations of negligence directed against "defendants", *i.e.* Sandra J. Nations individually and as

statutory trustee, Rattner's evidence at the default hearing negates any allegations of her personal wrongdoing in connection with his injury. Rattner expressly stated that Nations was not the person who had actually saddled his horse. His own testimony at the default hearing absolves Nations from personal wrongdoing and, thus, distinguishes this case from the situation where a director as statutory trustee of a forfeited corporation who personally commits a wrongful act while also acting in the capacity as agent for the forfeited corporation is held liable. *Cf. Boyd v. Wimes,* 664 S.W.2d at 598.

We find that where the style and allegations in a pleading attempt to hold the statutory trustee of a forfeited corporation liable both in a representative capacity and individually but the record at the default hearing establishes no factual basis for such individual liability, the imposition of personal liability upon the statutory trustee in a default judgment is a "procedural" error patent on the face of the record subject to attack under Rule 74.32. Sandra J. Nations was not personally liable to Rattner. We find the same reasoning determines that Rattner's pleadings of any violations of the Missouri Merchandising Practices Act are totally unsupported by the evidence adduced at the default hearing. The trial court properly set aside the default judgment entered against Sandra J. Nations individually.

Rattner has also raised on appeal that the trial court improperly set aside the default judgment because Nations failed in her efforts to set aside the default judgment either to plead or prove that she had exercised reasonable diligence regarding appellant's petition or that she had a meritorious defense to the claims asserted against her in Rattner's original petition. We disagree.

While the motion did not use the magic words of "meritorious defense," and "reasonable diligence," the motion sufficiently specifies that: (1) Nations was not personally liable; (2) the default judgment entered against her personally was without foundation; (3) she was never a proper party in her individual capacity to the proceeding; (4) nothing in the petition and evidentiary hearing supported extending her liability beyond that imposed on a statutory trustee to the extent that corporate property and effects were in her hands; (5) the default judgment rendered failed to indicate that the judgment against her was limited to her interest in the corporation; and (6) she was not at fault, but that her insurance company was negligent in not defending her so that a default judgment was rendered against her.

These allegations are sufficient to show that she exercised reasonable diligence and has a meritorious defense. *Harkness v. Jarvis,* 182 Mo. 231, 81 S.W. 446, 448 (1904); *Hernandez v. Westoak Realty & Investment, Inc.,* 585 S.W.2d 548, 550 (Mo. App.1979); *Hernandez v. Westoak Realty and Investment, Inc.,* 549 S.W.2d 906, 909 (Mo.App.1977). This case is similar to *Sprung v. Negwer Materials, Inc.,* 727 S.W.2d 883. In both *Sprung* and here the defendant turned over "suit papers" to the insurance company and the inference is that the insurance company in this case was negligent in failing to defend the respondent. In *Sprung,* the defendant filed two motions: (1) "Motion To Set Aside For Irregularity" and (2) "Motion to Set Aside Final Judgment of Default and Stay Of Execution." It was the trial court who set the default aside under the latter motion on "equitable grounds." *Sprung* treated the latter motion as a petition in equity sufficient to relieve a defendant of a default judgment for extrinsic fraud, or a meritorious defense by reason of accident, mistake, inadvertence, mischance or unavoidable circumstances unmixed with neglect or inattention.

Although the motion filed here by the respondent is entitled "Motion to Set Aside For Irregularities Pursuant to Rule 74.32 and for a Writ of Coram Nobis," the title of the motion is not determinative of respondent's right to relief from the judgment. As noted in *Sprung,* "it is not important to give a specific name to this proceeding. It is a motion to set aside a default judgment." 727 S.W.2d at 888 (quoting *Askew*

*v. Brown,* 450 S.W.2d 446, 450 (Mo.App. 1970)). What is important is that the allegations in the motion are sufficient to entitle respondent to relief under the various procedural remedies to set aside default judgments. We believe a review of the foregoing allegations and the subsequent evidentiary hearing on the default judgment establish respondent's entitlement to relief. *Sprung* acknowledges the consistent policy of the law to decide a case on the merits. 727 S.W.2d at 887. That is what the trial court attempted to accomplish by setting aside the default judgment. We should not fault that ruling. We have always been more reluctant to interfere when a default judgment is set aside than when it is not.

The motion to set aside the default sufficiently satisfied legal prerequisites for the trial court to have decided to set it aside. In conclusion, the order of the trial court setting aside the default judgment against respondent is affirmed.

SIMEONE, Senior Judge, and CRIST, J., concur.